Molly M. Rezac
Nevada Bar No. 7435
molly.rezac@ogletreedeakins.com
Erica J. Chee
Nevada Bar No. 12238
erica.chee@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
3800 Howard Hughes Parkway, Suite 1500
Las Vegas, NV  89169
Telephone:  702.369-6800
Fax:  702.369.6888

Robert F. Shaffer
robert.shaffer@finnegan.com
District of Columbia Bar No. 472423 *(Pro Hac Vice Pending − will comply with LR IA 10-2 within 45 days)*
James R. Barney
james.barney@finnegan.com
District of Columbia Bar No. 473732 *(Pro Hac Vice Pending − will comply with LR IA 10-2 within 45 days)*
Anthony D. Del Monaco
anthony.delmonaco@finnegan.com
District of Columbia Bar No. 978164 *(Pro Hac Vice Pending − will comply with LR IA 10-2 within 45 days)*
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, DC  20001-4413
Telephone:  202.408.4000
Fax:  202.408.4400

*Attorneys for Plaintiffs CG Technology Development, LLC,*
*Interactive Games Limited, and Interactive Games LLC*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| CG TECHNOLOGY DEVELOPMENT, LLC, INTERACTIVE GAMES LIMITED, and INTERACTIVE GAMES LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> BWIN.PARTY DIGITAL ENTERTAINMENT, PLC; BWIN.PARTY (USA), INC.; and BWIN.PARTY ENTERTAINMENT (NJ), LLC, <br><br> Defendants. | Case No.: <br><br> **PLAINTIFFS' COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** |

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

Plaintiffs CG Technology Development, LLC ("CG Tech"), Interactive Games Limited ("IG Limited"), and Interactive Games LLC ("IG LLC") (collectively "Plaintiffs"), by and through their counsel, hereby bring this Complaint against Bwin.Party Digital Entertainment, PLC, Bwin.Party (USA), Inc., and Bwin.Party Entertainment (NJ), LLC (collectively "Bwin" or "Defendants"), and allege as follows:

## NATURE OF ACTION

1.     This is an action for patent infringement under 35 U.S.C. § 271 *et seq.* by Plaintiffs against Defendants for infringement of U.S. Patent Nos. RE39,818; 6,899,628; 7,534,169; 6,979,267; 8,342,924; 7,029,394; 9,111,417; 8,771,058; and 8,814,664 (collectively the "Patents-in-Suit").

## PARTIES

2.     CG Tech is a wholly owned subsidiary of CG Technology, L.P. ("CG"), a limited partnership, with its principal place of business at 2575 South Highland Drive, Las Vegas, Nevada, 89109.  CG and CG Tech are both incorporated in Nevada.  CG is an innovative gaming technology solutions provider for lottery, gaming, racing, and sports wagering worldwide.  It specializes in providing secure, scalable, mobile technology and risk management solutions to integrated resorts, gaming partners, race and sports books, and lottery industries.  Headquartered in Las Vegas, Nevada, CG and CG Tech continue to expand into new global markets in response to partner demand for their gaming and manufacturing expertise and superior technology solutions.  Their products include Android™- and Apple®-compatible applications for real-money and social casino gaming, as well as state-of-the-art, account-based wagering systems.

3.     IG LLC is a limited liability company incorporated in Nevada with its principal place of business at 110 East 59th St., New York, New York, 10022.

4.     IG Limited is a private limited company with its principal place of business at One Churchill Place, Canary Wharf, London, UK E14 5RB.

5.     Upon information and belief, Bwin.Party Digital Entertainment, PLC is a corporation organized and existing under the laws of Gibraltar, with a principal place of business

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

located at Suite 6, Atlantic Suites, Europort Avenue, GX11 1AA, Gibraltar.

6.     Upon information and belief, Bwin.Party (USA), Inc. is a corporation organized and existing under the laws of Nevada, with a principal place of business located at Suite 6, Atlantic Suites, Europort Avenue, GX11 1AA, Gibraltar.

7.     Upon information and belief, Bwin.Party Entertainment (NJ), LLC is a corporation organized and existing under the laws of Nevada, with a principal place of business located at Suite 6, Atlantic Suites, Europort Avenue, GX11 1AA, Gibraltar.

## JURISDICTION AND VENUE

8.     This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 271 *et seq.*

9.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

10.    Defendants are subject to personal jurisdiction in this District because, based on information and belief, each has transacted business in this District and has committed, by itself or in concert with others, acts of patent infringement in this District.  On information and belief, Defendants have incorporated under the laws of the State of Nevada and/or conducted business within the State of Nevada.  In addition, Defendants have offered for sale, sell, advertise, and/or use products and services (including the products accused of infringement in this lawsuit) in the United States, the State of Nevada, and this District.  Further, Defendants have purposefully and voluntarily placed one or more infringing products and services into the stream of commerce with the expectation that they will be used by consumers in the State of Nevada.  Defendants have also advertised and transacted business throughout the United States, including in the State of Nevada, and specifically in this District.  Defendants have purposely availed themselves of the laws of this District by, among other things, advertising and selling products and services in this District.

11.    Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Nevada Long Arm Statute, due at least to the Defendants' substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and/or (ii) regularly doing or soliciting business, engaging in other persistent courses of

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

conduct, and/or deriving substantial revenue from goods and services provided to individuals in the State of Nevada and in this District.

12. Defendants are subject to this Court's personal jurisdiction pursuant to Fed. R. Civ. P. 4(k) upon service of process.

13. On information and belief, Defendants have collectively operated and continue to operate an interactive website (www.partypoker.com), computer application, and mobile application that are accessible to all residents of the State of Nevada, including in this District, through which Defendants collectively advertise and make available for use certain services and electronic social casino games that are herein accused of infringement. (*See* https://www.partypoker.com.) On information and belief, Bwin has repeatedly held events promoting and utilizing its products and services accused of infringement in this District. (*See, e.g.*, http://www.uspoker.com/blog/partypoker-nj-satellites-to-wpt500-las-vegas/10790/, http://www.worldpokertour.com/news/save-the-date-wpt500/, http://www.pokernews.com/news/2010/02/party-poker-premier-league-iv-set-to-heat-up-vegas-7894.htm, http://www.partypoker.com/blog/premier-league-poker-benyamine-negreanu-and-rousso-join-the-lineup.html, https://www.youtube.com/watch?v=EsfeWdGvRGY&list=PLdA9n3Oq17-ZKLagQVUN8fJhOLvLXe6-8, https://www.youtube.com/watch?v=ODqLD9m3dkE, https://www.youtube.com/watch?v=lQQPQl_uTVQ, http://www.prnewswire.com/news-releases/mgm-resorts-international-announces-agreement-with-bwinparty-132945763.html, http://www.partypoker.com/blog/reliving-the-awesome-kings-of-vegas-experience.htmlc/.)

14. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c), and/or 1400(b), as each Bwin Defendant is subject to personal jurisdiction in this District.

## GENERAL ALLEGATIONS

15. Plaintiffs' own innovative technology that is being used by Bwin in its social casino gaming business. Like traditional casino games, users are enabled to play games and place wagers on their outcomes. Social casino games, however, allow users to play casino games with hundreds of thousands of people through an online community. Users engage with the online community

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

through mobile computing devices. Accordingly, social casino games are faster and provide greater diversity of players and experience levels. Social casino games also provide a better-personalized experience, more options, and greater enjoyment for the players.

16. On information and belief, and based on its own admissions, Bwin is the largest online gaming company in the world. (*See* https://www.bwin.com/en/p/about-us/company.) Bwin provides access to its social casino gaming platforms through its web-based interface and/or mobile applications. Bwin determines whether its users are 18 years of age or older before authorizing the users to play in one of its casino games.

17. Bwin offers various types of social casino games to users, including slots, roulette, blackjack, and poker. Users can enter these games and place wagers on their outcomes using "play" or real-money chips, depending on the location of the user's device. Bwin offers these games at various minimum stakes and entry fees (or "buy-ins"). As such, Bwin's gaming platform provides an in-game cashier to purchase the chips required to enter a desired game and wager on the outcome. The chips are stored in a digital wallet as part of the user's profile. Bwin also monitors multiple games and game events on which play is based to determine the outcome of each wager. During gameplay, a user may request to generate a wager offer to other users and receive multiple acceptances of the wager offer in response. After completing the game, the winners are awarded chips according to the game's payout rules. Bwin manages and updates each user's account to reflect the appropriate transfer of chips based on a winning or losing outcome.

18. Bwin's gaming platform also generates statistics information based on game events and wager records associated with each user's gameplay. The statistics information is stored in a user profile that provides a viewable summary of personalized information. This personalized information also includes identification information and other historical game performance information. Bwin displays the user profile to the respective user and other users of the gaming platform.

19. Bwin determines different gameplay configurations for the user based on the location of the user's mobile gaming device. If the user's device is determined to be in a first

location designated as a nonmonetary, points-only wagering area, points wagering is automatically enabled and real-money wagering is disabled.  This configuration is used to determine the game outcome and payout amount while the device remains in the first location.  If the user's device is determined to be in a second location designated as a real-money wagering area, real-money wagering is automatically enabled and points wagering is disabled.  This second configuration is used to determine the game outcome and payout amount while the device remains in the second location.

20.   On November 12, 2014, a letter was sent to Bwin providing notice of its infringement of numerous patents and is attached as **Exhibit A**.  Specifically, at least the following patents were identified as being infringed:  U.S. Patent Nos. RE39,818; 6,979,267; 7,534,169; 8,771,058; 8,814,664; and 8,342,924.[1]   As noted in the letter, Plaintiffs wanted to reach a negotiated nonlitigation arrangement with Bwin for the identified patents.  An agreement was never reached, and Bwin has not ceased infringing Plaintiffs' patents.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### (INFRINGEMENT OF U.S. PATENT NO. RE39,818)

21.   Plaintiffs incorporate by reference paragraphs 1-20 as if fully set forth herein.

22.   On September 4, 2007, U.S. Patent No. RE39,818 ("the RE'818 patent") was duly and legally issued by the U.S. Patent and Trademark Office ("PTO") for an invention titled "Personalized Wireless Video Game System" to the listed inventor, Russell D. Slifer.  A certified copy of the RE'818 patent is attached as **Exhibit B**.

23.   CG Tech is the assignee and owner of the RE'818 patent, with all substantive rights in and to that patent, including the sole and exclusive right to bring this action and enforce the RE'818 patent against infringers, and to collect damages for all relevant times.

---

[1] U.S. Patent No. 9,111,417 did not issue until August 18, 2015, and was therefore not in the notice letter.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

24.    Bwin, directly or through its agents, customers, and/or intermediaries, has made, used, tested, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems that infringe (either directly or under the doctrine of equivalents) one or more claims of the RE'818 patent.  For instance, on information and belief, Bwin's accused products and/or systems provide a processor that executes a gaming application for displaying video images on a display screen.  A portable control is personalized to a specific user after the user registers an account to interact with the gaming application.  Once registration is complete, the portable control stores in its memory identification information including the user's age and game data.  The personalized portable control includes control switches for generating game control signals during gameplay. The portable control also includes a wireless transmitter for sending the identification and control signals to the processor.  Here, the processor uses the received identification signals to determine whether the user is authorized to play the game based at least in part on the user's age.  This is done in a manner that infringes at least claims 1, 20, and 24 of the RE'818 patent.

25.    Bwin's social casino games contain each limitation of at least one asserted claim of the RE'818 patent.  By way of example only:

26.    Bwin's social casino games meet all requirements of claim 20, which include (as shown below) "[a] game apparatus comprising: a wireless transmitter to transmit both an identification code and game control signals to a processor executing a game."  (RE'818 patent, col. 7, ll. 25-28.)




27.     Bwin's social casino games include an "identification code . . . used by the processor to retrieve identification data and authorize game play based at least in part on an age of a player." (*Id*. at col. 7, ll. 28-30.)



28.     Bwin's social casino games include "a plurality of input controls to allow the player to interact with the processor to play the game." (*Id*. at col. 7, ll. 31-32.)



29.     Bwin does not have a license or permission to use the RE'818 patent.

30.     As a result of Bwin's infringement of the RE'818 patent, CG Tech has suffered and

continues to suffer damages, in an amount not yet determined, of at least a reasonable royalty and/or lost profits.

31.     In a letter dated November 12, 2014, notice was provided to Bwin of the RE'818 patent and its infringing conduct.  The letter is attached as **Exhibit A**.

32.     Despite the knowledge of the RE'818 patent, Bwin has continued to infringe this patent.  Bwin acted with reckless disregard of the RE'818 patent by continuing to infringe the patent when it knew or should have known that its actions constituted infringement.

**SECOND CLAIM FOR RELIEF**
**(INFRINGEMENT OF U.S. PATENT NO. 6,899,628)**

33.     Plaintiffs incorporate by reference paragraphs 1-32 as if fully set forth herein.

34.     On May 31, 2005, U.S. Patent No. 6,899,628 ("the '628 patent") was duly and legally issued by the PTO for an invention titled "System and Method for Providing Game Event Management to a User of a Gaming Application" to the listed inventors Fergus A. Leen, Sam B. Lawrence, David G. McNally, Clive Hetherington, David M. McDowell, and Kevin R. O'Neal.  A certified copy of the '628 patent is attached as **Exhibit C.**

35.     IG Limited is the assignee and sole owner of the '628 patent, with all substantive rights in and to that patent, including the sole and exclusive right to bring this action and enforce the '628 patent against infringers, and to collect damages for all relevant times.

36.     Bwin, directly or through its agents, customers, and/or intermediaries, has made, used, tested, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems that infringe (either directly or under the doctrine of equivalents) one or more claims of the '628 patent.  For instance, on information and belief, Bwin's accused products and/or systems have certain features that manage game events through a gaming application accessible to remote users.  A user downloads and installs software on a computing device to remotely access the gaming application.  During execution of the gaming application, a monitor module monitors a plurality of game events and communicates event information through an interface.  The interface transmits the event information, which is associated with at least one game event, to an enhanced services

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

1   platform.  This platform provides various different functions and generates statistics and a wager

2   record based on the event information.  Here, the wager record is associated with an entry fee and

3   other bets made during gameplay between a plurality of users.  This is done in a manner that

4   infringes at least claims 1 and 31 of the '628 patent.

5   37.   Bwin's social casino games contain each limitation of at least claim 31 of the '628

6   patent.  By way of example only:

7   38.   Bwin's social casino games meet all requirements of claim 31, which include (as

8   shown below) "[a] server for managing game events, comprising: a processor that executes a

9   gaming application that is accessed by a remote user via a network."  ('628 patent, col. 23,

10  ll. 62-64.)



19  39.   Bwin's social casino games include "a monitor module coupled to the processor that

20  monitors a plurality of game events during the execution of the gaming application by the user."

21  (*Id.* at col. 23, ll. 65-67.)

22  . . .

23  . . .

24  . . .

25  . . .

26  . . .

27  . . .

28

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800



40.    Bwin's social casino games include "an interface coupled to the processor that communicates event information associated with at least one of the game events to an enhanced services platform remote from the server." (*Id*. at col. 24, ll. 1-4.)



41.    Bwin's social casino games include "generat[ing] a wager record associated with a wager between a plurality of users based on at least one of the first event information and the second event information." (*Id*. at col. 24, ll. 4-7.)

. . .

. . .

. . .

. . .

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

42.     Bwin does not have a license or permission to use the '628 patent.

43.     As a result of Bwin's infringement of the '628 patent, IG Limited has suffered and continues to suffer damages, in an amount not yet determined, of at least a reasonable royalty and/or lost profits.

## THIRD CLAIM FOR RELIEF
## (INFRINGEMENT OF U.S. PATENT NO. 7,534,169)

44.     Plaintiffs incorporate by reference paragraphs 1-43 as if fully set forth herein.

45.     On May 19, 2009, U.S. Patent No. 7,534,169 ("the '169 patent") was duly and legally issued by the PTO for an invention titled "System and Method for Wireless Gaming System with User Profiles" to the listed inventors Lee M. Amaitis, Joseph M. Asher, Robert F. Bahrampour, Darrin M. Mylet, Alan B. Wilkins, and Howard W. Lutnick.  A certified copy of the '169 patent is attached as **Exhibit D**.

46.     IG LLC is the assignee and sole owner of the '169 patent, with all substantive rights in and to that patent, including the sole and exclusive right to bring this action and enforce the '169 patent against infringers, and to collect damages for all relevant times.

47.     Bwin, directly or through its agents, customers, and/or intermediaries, has made, used, tested, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems that infringe (either directly or under the doctrine of equivalents) one or more claims of the '169 patent.  For instance, on information and belief, Bwin's accused products and/or systems have

certain features that modify a gaming environment based on a user's success level in playing a gaming activity.  A gaming device enables a user to play a plurality of gaming activities, and a user profile associated with the user is updated to reflect a first success level in playing a first gaming activity during a first gaming session.  After termination of the first gaming session and the start of a second, subsequent, gaming session, the user's success level in playing the first gaming activity is determined.  Based at least in part on the first success level, a gaming environment is modified and presented to the user through the gaming device.  The modification includes a change in how the first gaming activity is presented to the user as a possible gaming activity during the second gaming session.  This is done in a manner that infringes at least claim 1 of the '169 patent.

48.     Bwin's social casino games contain each limitation of at least claim 1 of the '169 patent.  By way of example only:

49.     Bwin's social casino games meet all requirements of claim 1, which include (as shown below) "[a]n apparatus comprising: . . . at least one profile associated with a user of a gaming device, the gaming device being operable to make a plurality of gaming activities available to the user for play via the gaming device." ('169 patent, col. 26, ll. 43-52.)



OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

50.     Bwin's social casino games include "updat[ing] the user's profile to reflect a first success level of the user in playing a first of the plurality of gaming activities via the gaming device during a first gaming session." (*Id.* at col. 26, ll. 56-59.)



51.     Bwin's social casino games include, "based at least in part on the first success level, modify[ing] a gaming environment, wherein the modification includes a change as to how the first gaming activity is presented to the user as a possible gaming activity that the user may play via the gaming device during the second gaming session." (*Id.* at col. 26, l. 66 to col. 27, l. 4.)



52.     Bwin's social casino games include "present[ing] to the user, via the gaming device, the first gaming activity according to the modified gaming environment." (*Id.* at col. 27, ll. 5-7.)

. . .

53.     Bwin does not have a license or permission to use the '169 patent.

54.     As a result of Bwin's infringement of the '169 patent, IG LLC has suffered and continues to suffer damages, in an amount not yet determined, of at least a reasonable royalty and/or lost profits.

55.     In a letter dated November 12, 2014, notice was provided to Bwin of the RE'818 patent and its infringing conduct.  The letter is attached as **Exhibit A**.

56.     Despite the knowledge of the '169 patent, Bwin has continued to infringe this patent.  Bwin acted with reckless disregard of the '169 patent by continuing to infringe the patent when it knew or should have known that its actions constituted infringement.

**FOURTH CLAIM FOR RELIEF**
**(INFRINGEMENT OF U.S. PATENT NO. 6,979,267)**

57.     Plaintiffs incorporate by reference paragraphs 1-56 as if fully set forth herein.

58.     On December 27, 2005, U.S. Patent No. 6,979,267 ("the '267 patent") was duly and legally issued by the PTO for an invention titled "System and Method for Generating Profile Information for a User of a Gaming Application" to the listed inventors Fergus A. Leen, Sam B. Lawrence, David G. McNally, Clive Hetherington, David M. McDowell, and Kevin R. O'Neal.  A certified copy of the '267 patent is attached as **Exhibit E**.

59.     IG Limited is the assignee and sole owner of the '267 patent, with all substantive rights in and to that patent, including the sole and exclusive right to bring this action and enforce the '267 patent against infringers, and to collect damages for all relevant times.

60.     Bwin, directly or through its agents, customers, and/or intermediaries, has made, used, tested, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems that infringe (either directly or under the doctrine of equivalents) one or more claims of the '267 patent.  For instance, on information and belief, Bwin's accused products and/or systems have certain features that generate profile information for users of gaming applications executed on a server.  During execution of a first gaming application by a first user, a plurality of game events are monitored.  First and second event information associated with a first and second game event is communicated to a processor remote from the server.  The processor generates first profile information associated with the first user based at least in part on the first event information, the second event information, and wager records of the first user.  The processor stores the first profile information in a memory.  During execution of a second gaming application by a second user, a plurality of game events are also monitored.  Third and fourth event information associated with a third and fourth game event is communicated to the processor.  Here, the third event information is received by the processor substantially simultaneously with the first event information.  The processor generates second profile information associated with the second user based at least in part upon the third and fourth event information.  This is done in a manner that infringes at least claim 1 of the '267 patent.

61.     Bwin's social casino games contain each limitation of at least claim 1 of the '267 patent.  By way of example only:

62.     Bwin's social casino games meet all requirements of claim 1, which include (as shown below) "[a] system for generating profile information for users of gaming applications, comprising: a server that: . . . monitors a plurality of game events during the execution of the first gaming application by a first user." ('267 patent, col. 20, ll. 24-29.)
. . .

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800



63.     Bwin's social casino games include "a processor remotely coupled to the server that: . . . generates first profile information associated with the first user based at least in part upon . . . first event information, . . . second event information and wager records of the first user." (*Id.* at col. 20, ll. 34-40.)



64.     Bwin's social casino games include "receiv[ing] third event information substantially simultaneously with the first event information, the third event information associated

with a third game event, wherein the third game event is associated with the execution by a second user of a second gaming application." (*Id.* at col. 20, ll. 41-46.)



65.     Bwin's social casino games include "receiv[ing] fourth event information associated with a fourth game event, wherein the fourth game event is associated with the execution by the second user of the second gaming application." (*Id.* at col. 20, ll. 47-50.)



66.     Bwin's social casino games include "generat[ing] second profile information associated with the second user based at least in part upon the third event information and the

fourth event information." (*Id.* at col. 20, ll. 51-53.)

 

67.     Bwin does not have a license or permission to use the '267 patent.

68.     As a result of Bwin's infringement of the '267 patent, IG Limited has suffered and continues to suffer damages, in an amount not yet determined, of at least a reasonable royalty and/or lost profits.

69.     In a letter dated November 12, 2014, notice was provided to Bwin of the '267 patent and its infringing conduct. The letter is attached as **Exhibit A**.

70.     Despite the knowledge of the '267 patent, Bwin has continued to infringe this patent. Bwin acted with reckless disregard of the '267 patent by continuing to infringe the patent when it knew or should have known that its actions constituted infringement.

**FIFTH CLAIM FOR RELIEF**<br>**(INFRINGEMENT OF U.S. PATENT NO. 8,342,924)**

71.     Plaintiffs incorporate by reference paragraphs 1-70 as if fully set forth herein.

72.     On January 1, 2013, U.S. Patent No. 8,342,924 ("the '924 patent") was duly and legally issued by the PTO for an invention titled "System and Method for Providing Enhanced Services to a User of a Gaming Application" to the listed inventors Fergus A. Leen, Sam B. Lawrence, David G. McNally, Clive Hetherington, David M. McDowell, and Kevin R. O'Neal. A

certified copy of the '924 patent is attached as **Exhibit F**.

73.     IG Limited is the assignee and sole owner of the '924 patent, with all substantive rights in and to that patent, including the sole and exclusive right to bring this action and enforce the '924 patent against infringers, and to collect damages for all relevant times.

74.     Bwin, directly or through its agents, customers, and/or intermediaries, has made, used, tested, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems that infringe (either directly or under the doctrine of equivalents) one or more claims of the '924 patent.  For instance, on information and belief, Bwin's accused products and/or systems have certain features that enable a user to play a game and initiate at least one event within a context of playing the game.  Information associated with the event is received by an apparatus comprising a processor while the user plays the game.  Here, the apparatus generates statistics information associated with the user based at least in part on the information.  This statistics information is associated with the user's playing of the game, and is electronically displayed to another user.  This is done in a manner that infringes at least claim 11 of the '924 patent.

75.     Bwin's social casino games contain each limitation of at least claim 11 of the '924 patent.  By way of example only:

76.     Bwin's social casino games meet all requirements of claim 11, which include (as shown below) "[a]n apparatus comprising: at least one processor; and at least one memory device . . . [that] stores instructions which . . . direct the at least one processor to: receive information associated with at least one event initiated by a user within a context of playing a game, wherein the information is received during the playing of the game by the user."  ('924 patent, col. 21, ll. 4-13.)

. . .

. . .

. . .

. . .

. . .

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Wells Fargo Tower
Suite 1500, 3800 Howard Hughes Parkway
Las Vegas, NV 89169
Telephone: 702.369.6800



77.   Bwin's social casino games include, "based at least in part on the information, generat[ing] statistics information, wherein the statistics information is associated with the user with respect to the playing of the game."  (*Id*. at col. 21, ll. 14-17.)



78.   Bwin's social casino games include "caus[ing] to be electronically displayed to another user at least the statistics information."  (*Id*. at col. 21, ll. 18-19.)

79.     Bwin does not have a license or permission to use the '924 patent.

80.     As a result of Bwin's infringement of the '924 patent, IG Limited has suffered and continues to suffer damages, in an amount not yet determined, of at least a reasonable royalty and/or lost profits.

81.     In a letter dated November 12, 2014, notice was provided to Bwin of the '924 patent and its infringing conduct.  The letter is attached as **Exhibit A**.

82.     Despite the knowledge of the '924 patent, Bwin has continued to infringe this patent.  Bwin acted with reckless disregard of the '924 patent by continuing to infringe the patent when it knew or should have known that its actions constituted infringement.

## SIXTH CLAIM FOR RELIEF
## (INFRINGEMENT OF U.S. PATENT NO. 7,029,394)

83.     Plaintiffs incorporate by reference paragraphs 1-82 as if fully set forth herein.

84.     On April 18, 2006, U.S. Patent No. 7,029,394 ("the '394 patent") was duly and legally issued by the PTO for an invention titled "System and Method for Generating Statistics for a User of a Gaming Application" to the listed inventors Fergus A. Leen, Sam B. Lawrence, David G. McNally, Clive Hetherington, David M. McDowell, and Kevin R. O'Neal.  A certified copy of the '394 patent is attached as **Exhibit G**.

85.     IG Limited is the assignee and sole owner of the '394 patent, with all substantive rights in and to that patent, including the sole and exclusive right to bring this action and enforce the '394 patent against infringers, and to collect damages for all relevant times.

86.     Bwin, directly or through its agents, customers, and/or intermediaries, has made, used, tested, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems that infringe (either directly or under the doctrine of equivalents) one or more claims of the '394 patent.  Specifically, Bwin's accused products and/or systems have certain features that enable a user to execute a gaming application hosted on a remote server.  During execution of the gaming application, first and second event information associated with first and second game events is received.  Statistics information associated with the user and the gaming application is

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

generated based at least in part on the first event information, the second event information, and wager records associated with the gaming application.  The statistics information is used to determine an outcome of a wager associated with the gaming application and then stored.  This is done in a manner that infringes at least claim 1 of the '394 patent.

87.     Bwin's social casino games contain each limitation of at least claim 1 of the '394 patent.  By way of example only:

88.     Bwin's social casino games meet all requirements of claim 1, which include (as shown below) "[a] system for generating statistics information, comprising: a server that: executes a gaming application; monitors a plurality of game events during the execution of the gaming application by a user; communicates first event information associated with a first game event; and communicates second event information associated with a second game event."  ('394 patent, col. 20, ll. 46-55.)





OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

89.     Bwin's social casino games include "a processor remotely coupled to the server that receives the first event information; receives the second event information; [and] generates statistics information based at least in part upon the first event information, the second event information and wager records associated with the gaming application." (*Id*. at col. 20, ll. 56-62.)



90.     Bwin's social casino games include "determin[ing] an outcome of a wager associated with the gaming application using the statistics information; and a memory coupled to the processor that stores the statistics information." (*Id*. at col. 20, ll. 63-67.)



91.     Bwin does not have a license or permission to use the '394 patent.

92.     As a result of Bwin's infringement of the '394 patent, IG Limited has suffered and

continues to suffer damages, in an amount not yet determined, of at least a reasonable royalty and/or lost profits.

**SEVENTH CLAIM FOR RELIEF**
**(INFRINGEMENT OF U.S. PATENT NO. 9,111,417)**

93.     Plaintiffs incorporate by reference paragraphs 1-92 as if fully set forth herein.

94.     On August 18, 2015, U.S. Patent No. 9,111,417 ("the '417 patent") was duly and legally issued by the PTO for an invention titled "System and Method for Providing Enhanced Services to a User of a Gaming Application" to the listed inventors Fergus A. Leen, Sam B. Lawrence, David G. McNally, Clive Hetherington, David M. McDowell, and Kevin R. O'Neal.  A certified copy of the '417 patent is attached as **Exhibit H**.

95.     IG Limited is the assignee and sole owner of the '417 patent, with all substantive rights in and to that patent, including the sole and exclusive right to bring this action and enforce the '417 patent against infringers, and to collect damages for all relevant times.

96.     Bwin, directly or through its agents, customers, and/or intermediaries, has made, used, tested, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems that infringe (either directly or under the doctrine of equivalents) one or more claims of the '417 patent.  For example, on information and belief, Bwin's accused products and/or systems have certain features that provide a card game to users through their respective computing devices over a communications network.  On information and belief, Bwin's accused products and/or systems present users with a graphical user interface that allows users to generate a wager offer, where the offer includes a wager amount.  The interface further provides an option to present the wager offer to other users and receive from a plurality of other users an acceptance of the wager offer at the wager amount.  In addition, during the playing of the game, Bwin's accused products and/or systems offer certain features that generate statistics for multiple users of the game, including presenting a portion of the statistics information for the users.  At the end of the game, an outcome is determined and funds are transferred to at least one user who played (and "won") the game.  This is done in a manner that infringes at least claim 1 of the '417 patent.

25

97.     Bwin's social casino games contain each limitation of at least claim 1 of the '417 patent.  By way of example only:

98.     Bwin's social casino games meet all requirements of claim 1, which include (as shown below) "[a] system comprising at least one processor and at least one non-volatile memory having software stored thereon that when executed by the at least one processor directs the at least one processor to: provide a game via a communications network to users via respective computing devices of the users, wherein the game is a sports game, an arcade game, a card game, or an adventure game." ('417 patent, col. 20, ll. 20-27.)



99.     Bwin's social casino games include, "responsive to a request from one of the users, caus[ing] a graphical user interface to be presented to the user at the user's computing device, wherein the graphical user interface allows the user to offer a wager to other users; [and] responsive to presenting the graphical user interface to the user, receiv[ing] from that user a request to generate a wager offer, wherein the wager offer includes a wager amount."  (*Id.* at col. 20, ll. 28-34.)

. . .

. . .

. . .

. . .



100.    Bwin's social casino games include, "responsive to receiving the request to generate the wager offer, present[ing] the wager offer to other users via respective computing devices of the other users." (*Id*. at col. 20, ll. 35-37.)

101.    Bwin's social casino games include "receiv[ing] from a plurality of the other users an acceptance of the wager offer, each acceptance at the wager amount." (*Id*. at col. 20, ll. 38-39.)

. . .

. . .

. . .

. . .

. . .

. . .

27

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800



102.    Bwin's social casino games include, "during a playing of the game by a plurality of the users: generat[ing] statistics information related to at least a first and a second of the users playing the game." (*Id*. at col. 20, ll. 40-42.)



103.    Bwin's social casino games include, "at end of the game, determin[ing] an outcome of the wagers resulting from the users that accepted the wager offer, wherein . . . determin[ing] the outcome of the wagers includes . . . transfer[ring] funds to at least one user who played the game." (*Id*. at col. 20, ll. 49-53.)

. . .

. . .

. . .

. . .

28



104.    Bwin does not have a license or permission to use the '417 patent.

105.    As a result of Bwin's infringement of the '417 patent, IG Limited has suffered and continues to suffer damages, in an amount not yet determined, of at least a reasonable royalty and/or lost profits.

**EIGHTH CLAIM FOR RELIEF**
**(INFRINGEMENT OF U.S. PATENT NO. 8,771,058)**

106.    Plaintiffs incorporate by reference paragraphs 1-105 as if fully set forth herein.

107.    On July 8, 2014, U.S. Patent No. 8,771,058 ("the '058 patent") was duly and legally issued by the PTO for an invention titled "Zone Dependent Payout Percentage" to the listed inventors Dean P. Alderucci, Lee Amaitis, and Geoffrey M. Gelman.  A certified copy of the '058 patent is attached as **Exhibit I**.

108.    IG LLC is the assignee and sole owner of the '058 patent, with all substantive rights in and to that patent, including the sole and exclusive right to bring this action and enforce the '058 patent against infringers, and to collect damages for all relevant times.

109.    Bwin, directly or through its agents, customers, and/or intermediaries, has made, used, tested, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems that infringe (either directly or under the doctrine of equivalents) one or more claims of the '058 patent.  For example, on information and belief, Bwin's accused products and/or systems have certain features that provide a computer system to determine a first location of a mobile gaming device and determine a first game configuration associated with the first location.  The

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

system generates a first game outcome using the first game configuration, determines a first payout associated with the first game outcome, and credits a player account with a first amount based on the first payout.  Additionally, the computer system determines a second location of the mobile gaming device that is different from the first location, and determines a second game configuration associated with the second location that is different from the first game configuration.  The system generates a second game outcome using the second game configuration, determines a second payout associated with the second game outcome, and credits the player account with a second amount based on the second payout.  This is done in a manner that infringes at least claim 19 of the '058 patent.

110.   Bwin's social casino games contain each limitation of at least claim 19 of the '058 patent.  By way of example only:

111.   Bwin's social casino games meet all requirements of claim 19, which include (as shown below) "[a] computer system comprising: a processor operable to execute a set of instructions . . . in which the set of instructions, when executed by the processor, cause the computer system to perform a method comprising: determining a first location of a mobile gaming device, [and] determining a first game configuration associated with the first location." ('058 patent, col. 62, ll. 1-9.)



. . .

. . .

. . .

. . .

. . .

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800



112.    Bwin's social casino games include "generating a first game outcome using the first game configuration, determining a first payout associated with the first game outcome, [and] crediting a player account with a first amount based on the first payout." (*Id*. at col. 62, ll. 10-15.)

113.    Bwin's social casino games include "determining a second location of the mobile gaming device, wherein the second location is different from the first location, [and] determining a second game configuration associated with the second location, wherein the second game configuration is different from the first game configuration." (*Id*. at col. 62, ll. 16-21.)

. . .

. . .



114.    Bwin's social casino games include "generating a second game outcome using the second game configuration, determining a second payout associated with the second game outcome, and crediting the player account with a second amount based on the second payout." (*Id.* at col. 62, ll. 22-27.)



OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

115.   Bwin does not have a license or permission to use the '058 patent.

116.   As a result of Bwin's infringement of the '058 patent, IG LLC has suffered and continues to suffer damages, in an amount not yet determined, of at least a reasonable royalty and/or lost profits.

117.   In a letter dated November 12, 2014, notice was provided to Bwin of the '058 patent and its infringing conduct.  The letter is attached as **Exhibit A**.

118.   Despite the knowledge of the '058 patent, Bwin has continued to infringe this patent.  Bwin acted with reckless disregard of the '058 patent by continuing to infringe the patent when it knew or should have known that its actions constituted infringement.

### NINTH CLAIM FOR RELIEF
### (INFRINGEMENT OF U.S. PATENT NO. 8,814,664)

119.   Plaintiffs incorporate by reference paragraphs 1-118 as if fully set forth herein.

120.   On August 26, 2014, U.S. Patent No. 8,814,664 ("the '664 patent") was duly and legally issued by the PTO for an invention titled "Method and Apparatus for Challenge-Based Gaming Using Points and/or Money" to the listed inventors Lee Amaitis, Paul Williams, and Nolan Glantz.  A certified copy of the '664 patent is attached as **Exhibit J**.

121.   IG LLC is the assignee and sole owner of the '664 patent, with all substantive rights in and to that patent, including the sole and exclusive right to bring this action and enforce the '664 patent against infringers, and to collect damages for all relevant times.

122.   Bwin, directly or through its agents, customers, and/or intermediaries, has made, used, tested, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems that infringe (either directly or under the doctrine of equivalents) one or more claims of the '058 patent.  For instance, on information and belief, Bwin's accused products and/or systems have certain features that determine a mobile device associated with a first player is located in a first location designated as a nonmonetary, points-only wagering area.   In response to the determination, points wagering is automatically enabled and monetary wagering is automatically disabled while the mobile device remains in the first location.  Here, a challenge by the first player is received from the mobile device, in which the challenge identifies a selected amount of points

and a selected second player to receive the challenge.   After receiving an acceptance of the challenge from the second player, a wager between the first player and the second player is formed. An outcome to the challenge is determined and points are adjusted in an account of the winning player.   On information and belief, Bwin's accused products and/or systems have certain features that further determine the mobile device is located in a second location that is designated as a monetary wagering area.   In response to the determination, monetary wagering is automatically enabled and points wagering is automatically disabled from the mobile device while the device remains in the second location.   This is done in a manner that infringes at least claim 17 of the '664 patent.

123.   Bwin's social casino games contain each limitation of at least claim 17 of the '664 patent.  By way of example only:

124.   Bwin's social casino games meet all requirements of claim 17, which include (as shown below) "[a]n apparatus comprising: . . . instructions that when executed by a computing device, cause the computing device to: determine that a mobile device associated with a first player is located in a first location that is designated as a non-monetary, points only wagering area." ('664 patent, col. 32, ll. 1-7.)



125.   Bwin's social casino games include, "in response to determining that the mobile device is located in the first location, automatically enabl[ing] points wagering and automatically disabling monetary wagering from the mobile device while the mobile device remains in the first location."  (*Id.* at col. 32, ll. 8-12.)

. . .

. . .

34



126.    Bwin's social casino games include "receiv[ing], from the mobile device, a challenge by the first player, in which the challenge identifies an amount of points selected by the player and a second player selected by the player against whom to place the challenge."  (*Id.* at col. 32, ll. 13-17.)

127.    Bwin's social casino games include "adjust[ing] points in an account of a winning player of the challenge in response to determining an outcome of the challenge."  (*Id.* at col. 32, ll. 25-27.)

. . .

35



128.     Bwin's social casino games include "determin[ing] [that the] mobile device is located in a second location that is designated as a monetary wagering area."   (*Id.* at col. 32, ll. 28-29.)



129.     Bwin's social casino games include, "in response to determining that the mobile device is located in the second location, automatically enabl[ing] monetary wagering and automatically disabl[ing] points wagering from the mobile device while the mobile device remains in the second location; wherein the second location is geographically different from the first location." (*Id.* at col. 32, ll. 30-36.)



36



130.    Bwin does not have a license or permission to use the '664 patent.

131.    As a result of Bwin's infringement of the '664 patent, IG LLC has suffered and continues to suffer damages, in an amount not yet determined, of at least a reasonable royalty and/or lost profits.

132.    In a letter dated November 12, 2014, notice was provided to Bwin of the '664 patent and its infringing conduct.  The letter is attached as **Exhibit A**.

133.    Despite the knowledge of the '664 patent, Bwin has continued to infringe this patent.  Bwin acted with reckless disregard of the '664 patent by continuing to infringe the patent when it knew or should have known that its actions constituted infringement

**TENTH CLAIM FOR RELIEF**
**(WILLFUL INFRINGEMENT)**

134.    Plaintiffs incorporate by reference paragraphs 1-133 as if fully set forth herein.

135.    Bwin's infringement of the RE'818, '628, '169, '267, '924, '394, '417, '058, and '664 patents has been and continues to be willful.  Indeed, Bwin has been aware of at least the RE'818, '267, '169, '058, '664, and '924 patents since on or about November 12, 2014.  (*See* Ex. A.)  Bwin was also made aware of the '628, '394, and '417 patents as early as the filing of this

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

lawsuit.  Bwin's continued use of its infringing products constitutes willful and blatant infringement.

136.   For the same reasons set forth above in paragraphs 20, 31, 42, 55, 69, 81, 91, 104, 117, and 132, Bwin has had knowledge of the RE'818, '628, '169, '267, '924, '394, '417, '058, and '664 patents, and that its acts constitute infringement.  Bwin has acted and is continuing to act in the face of an objectively high likelihood that its actions constitute infringement of a valid patent or with reckless disregard of that likelihood.

## JURY DEMAND

137.   Plaintiffs request a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs respectfully request that the Court find in their favor and against Defendants, and that the Court grant Plaintiffs the following relief:

1.   A declaration that Bwin infringes the Patents-in-Suit under 35 U.S.C. § 271(a), (b), and/or (c), and a final judgment incorporating same;

2.   Equitable relief under 35 U.S.C. § 283, including but not limited to an injunction that enjoins Bwin and any of its officers, agents, employees, assigns, representatives, privies, successors, and those acting in concert or participation with them from infringing the Patents-in-Suit;

3.   An award of damages sufficient to compensate Plaintiffs for infringement of the Patents-in-Suit by Bwin, together with prejudgment and post judgment interest under 35 U.S.C. § 284;

4.   Entry of an order compelling Bwin to compensate Plaintiffs for any ongoing and/or future infringement of the Patents-in-Suit, in an amount and under terms appropriate under the circumstances;

5.   That this Court declare this an exceptional case and award Plaintiffs their reasonable attorneys' fees, costs, and expenses in accordance with 35 U.S.C. § 285;

6.   A declaration or order finding Bwin's infringement is willful and/or an order

increasing damages under 35 U.S.C. § 284; and

7.    That Plaintiffs be granted such other and further relief as the Court may deem just and proper under the circumstances.

DATED this 15th day of April, 2016.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


/s/ Molly M. Rezac

Molly M. Rezac
Nevada Bar No. 7435
Erica J. Chee
Nevada Bar No. 12238
Wells Fargo Tower
Suite 1500
3800 Howard Hughes Parkway
Las Vegas, NV  89169

FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP

Robert F. Shaffer (*Pro Hac Vice Pending – will comply with LR IA 10-2 within 45 days*)
James R. Barney (*Pro Hac Vice Pending – will comply with LR IA 10-2 within 45 days*)
Anthony D. Del Monaco (*Pro Hac Vice Pending – will comply with LR IA 10-2 within 45 days*)
901 New York Avenue, NW
Washington, DC 20001-4413

*Attorneys for Plaintiffs CG Technology Development, LLC, Interactive Games Limited, and Interactive Games LLC*