Molly M. Rezac
Nevada Bar No. 7435
molly.rezac@ogletreedeakins.com
Erica J. Chee
Nevada Bar No. 12238
erica.chee@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
3800 Howard Hughes Parkway, Suite 1500
Las Vegas, NV 89169
Telephone: 702.369-6800
Fax: 702.369.6888

Robert F. Shaffer (*Admitted Pro Hac Vice*)
robert.shaffer@finnegan.com
District of Columbia Bar No. 472423
James R. Barney (*Admitted Pro Hac Vice*)
james.barney@finnegan.com
District of Columbia Bar No. 473732
Anthony D. Del Monaco (*Admitted Pro Hac Vice*)
anthony.delmonaco@finnegan.com
District of Columbia Bar No. 978164
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, DC 20001-4413
Telephone: 202.408.4000
Fax: 202.408.4400

*Attorneys for Plaintiffs CG Technology Development, LLC, Interactive Games Limited, and Interactive Games LLC*

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| CG TECHNOLOGY DEVELOPMENT, LLC, INTERACTIVE GAMES LIMITED, and INTERACTIVE GAMES LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>BWIN.PARTY DIGITAL ENTERTAINMENT, PLC; BWIN.PARTY (USA), INC.; and BWIN.PARTY ENTERTAINMENT (NJ) LLC,<br><br>Defendants. | Case No.: 2:16-cv-00871-RCJ-VCF<br><br>**PLAINTIFFS' FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

Plaintiffs CG Technology Development, LLC ("CG Tech"), Interactive Games Limited ("IG Limited"), and Interactive Games LLC ("IG LLC") (collectively "Plaintiffs"), by and through their counsel, hereby bring this Complaint against Bwin.Party Digital Entertainment, PLC, Bwin.Party (USA), Inc., and Bwin.Party Entertainment (NJ), LLC (collectively "Bwin" or "Defendants"), and allege as follows:

**NATURE OF ACTION**

1. This is an action for patent infringement under 35 U.S.C. § 271 *et seq.* by Plaintiffs against Defendants for infringement of U.S. Patent Nos. RE39,818; 6,899,628; 7,534,169; 6,979,267; 8,342,924; 7,029,394; 9,111,417; 8,771,058; 8,814,664; 9,355,518; and 9,306,952 (collectively the "Patents-in-Suit").

**PARTIES**

2. CG Tech is a wholly owned subsidiary of CG Technology, L.P. ("CG"), a limited partnership, with its principal place of business at 2575 South Highland Drive, Las Vegas, Nevada, 89109. CG and CG Tech are both incorporated in Nevada. CG is an innovative gaming technology solutions provider for lottery, gaming, racing, and sports wagering worldwide. It specializes in providing secure, scalable, mobile technology and risk management solutions to integrated resorts, gaming partners, race and sports books, and lottery industries. Headquartered in Las Vegas, Nevada, CG and CG Tech continue to expand into new global markets in response to partner demand for their gaming and manufacturing expertise and superior technology solutions. Their products include Android™- and Apple®-compatible applications for real-money and social casino gaming, as well as state-of-the-art, account-based wagering systems.

3. IG LLC is a limited liability company incorporated in Nevada with its principal place of business at 110 East 59th St., New York, New York, 10022.

4. IG Limited is a private limited company with its principal place of business at One Churchill Place, Canary Wharf, London, UK E14 5RB.

5. Upon information and belief, Bwin.Party Digital Entertainment, PLC is a corporation organized and existing under the laws of Gibraltar, with a principal place of business located at Suite 6, Atlantic Suites, Europort Avenue, GX11 1AA, Gibraltar.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

6. Upon information and belief, Bwin.Party (USA), Inc. is a corporation organized and existing under the laws of Nevada, with a principal place of business located at Suite 6, Atlantic Suites, Europort Avenue, GX11 1AA, Gibraltar.

7. Upon information and belief, Bwin.Party Entertainment (NJ), LLC is a corporation organized and existing under the laws of Nevada, with a principal place of business located at Suite 6, Atlantic Suites, Europort Avenue, GX11 1AA, Gibraltar.

## JURISDICTION AND VENUE

8. This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 271 *et seq*.

9. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

10. Defendants are subject to personal jurisdiction in this District because, based on information and belief, each has transacted business in this District and has committed, by itself or in concert with others, acts of patent infringement in this District. On information and belief, Defendants have incorporated under the laws of the State of Nevada and/or conducted business within the State of Nevada. In addition, Defendants have offered for sale, sell, advertise, and/or use products and services (including the products accused of infringement in this lawsuit) in the United States, the State of Nevada, and this District. Further, Defendants have purposefully and voluntarily placed one or more infringing products and services into the stream of commerce with the expectation that they will be used by consumers in the State of Nevada. Defendants have also advertised and transacted business throughout the United States, including in the State of Nevada, and specifically in this District. Defendants have purposely availed themselves of the laws of this District by, among other things, advertising and selling products and services in this District.

11. Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Nevada Long Arm Statute, due at least to the Defendants' substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and/or (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in the State of Nevada and in this District.

12. Defendants are subject to this Court's personal jurisdiction pursuant to Fed. R. Civ. P. 4(k) upon service of process.

13. On information and belief, Defendants have collectively operated and continue to operate an interactive website (www.nj.partypoker.com), computer application, and mobile application that are accessible to all residents of the State of Nevada, including in this District, through which Defendants collectively advertise and make available for use certain services and electronic social casino games that are herein accused of infringement. (*See*, *e.g.*, Other *Games*, PARTY POKER, https://nj.partypoker.com/how-to-play/games.html; *Casino Games*, PARTY POKER, https://nj.partypoker.com/en_US/WC/lobby.html#casino/.) On information and belief, Bwin has repeatedly held events promoting and utilizing its products and services accused of infringement in this District. (*See*, *e.g.*, *PartyPoker NJ Now Running Satellites To WPT500 $2mm Guaranteed In Las Vegas*, US POKER, http://www.uspoker.com/blog/partypoker-nj-satellites-to-wpt500-las-vegas/10790/, *UPDATED: 2016 PARTY POKER PRESENTS: WPT500 AT ARIA RESORT & CASINO SCHEDULED FOR JUNE 27 – JULY 6*, WORLD POKER TOUR, http://www.worldpokertour.com/news/save-the-date-wpt500/, PartyPoker Premier League IV Set to Heat Up Vegas, POKER NEWS, http://www.pokernews.com/news/2010/02/party-poker-premier-league-iv-set-to-heat-up-vegas-7894.htm, Premier League Poker: Benyamine, Negreanu and Rousso join the lineup, PARTY POKER, http://www.partypoker.com/blog/premier-league-poker-benyamine-negreanu-and-rousso-join-the-lineup.html, E12 PartyPoker Premier League Poker IV Episode 12 FULL EPISODE, YOUTUBE, https://www.youtube.com/watch?v=EsfeWdGvRGY&list=PLdA9n3Oq17-ZKLagQVUN8fJhOLvLXe6-8, Fraser MacLaurin won poker trips to Las Vegas and London for only $15!, YOUTUBE, https://www.youtube.com/watch?v=ODqLD9m3dkE, partypoker Presents: WPT 500 Day 1E at ARIA Resort & Casino, YOUTUBE, https://www.youtube.com/watch?v=lQQPQl_uTVQ, MGM Resorts International Announces Agreement With bwin.party, PR NEWSWIRE, http://www.prnewswire.com/news-releases/mgm-resorts-international-announces-agreement-with-bwinparty-132945763.html, Reliving the awesome Kings Of Vegas experience, PARTY POKER, http://www.partypoker.com/blog/reliving-

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Tower
Suite 1500, 3800 Howard Hughes Parkway
Las Vegas, NV 89169
Telephone: 702.369.6800

the-awesome-kings-of-vegas-experience.html.)

14. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c), and/or 1400(b), as each Bwin Defendant is subject to personal jurisdiction in this District.

**GENERAL ALLEGATIONS**

15. Plaintiffs' own innovative technology that is being used by Bwin in its social casino gaming business. Like traditional casino games, users are enabled to play games and place wagers on their outcomes. Social casino games, however, allow users to play casino games with hundreds of thousands of people through an online community. Users engage with the online community through mobile computing devices. Accordingly, social casino games are faster and provide greater diversity of players and experience levels. Social casino games also provide a better-personalized experience, more options, and greater enjoyment for the players.

16. On information and belief, and based on its own admissions, Bwin is the largest online gaming company in the world and one of the most recognized brands in the industry. (*See, e.g.*, *Company*, BWIN, https://www.bwin.com/en/p/about-us/company; *About Us*, BWIN, https://nj.partypoker.com/about-us.html.) Bwin provides access to its social casino gaming platforms through its web-based interface and/or mobile applications. Bwin determines whether its users are 21 years of age or older before authorizing the users to play in one of its casino games.

17. Bwin offers various types of social casino games to users, including slots, roulette, blackjack, and poker. Users can enter these games and place wagers on their outcomes using "play" or real-money chips, depending on the location of the user's device. Bwin offers these games at various minimum stakes and entry fees (or "buy-ins"). As such, Bwin's gaming platform provides an in-game cashier to purchase the chips required to enter a desired game and wager on the outcome. The chips are stored in a digital wallet as part of the user's profile. Bwin also monitors multiple games and game events on which play is based to determine the outcome of each wager. During gameplay, a user may request to generate a wager offer to other users and receive multiple acceptances of the wager offer in response. After completing the game, the winners are awarded chips according to the game's payout rules. Bwin manages and updates each user's account to reflect the appropriate transfer of chips based on a winning or losing outcome.

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Tower
Suite 1500, 3800 Howard Hughes Parkway
Las Vegas, NV 89169
Telephone: 702.369.6800

18. Bwin's gaming platform also generates statistics information based on game events and wager records associated with each user's gameplay. The statistics information is stored in a user profile that provides a viewable summary of personalized information. This personalized information also includes identification information and other historical game performance information. Bwin displays the user profile to the respective user and other users of the gaming platform.

19. Bwin determines different gameplay configurations for the user based on the location of the user's mobile gaming device. If the user's device is determined to be in a first location designated as a nonmonetary, points-only wagering area, points wagering is automatically enabled and real-money wagering is disabled. This configuration is used to determine the game outcome and payout amount while the device remains in the first location. If the user's device is determined to be in a second location designated as a real-money wagering area, real-money wagering is automatically enabled and points wagering is disabled. This second configuration is used to determine the game outcome and payout amount while the device remains in the second location.

20. Bwin establishes a user profile for a user to access through an electronic device and receives location data from a sensor in the electronic device. Bwin determines, based on the location data, an existence of the user in a particular location, initiates a gaming session, and updates the user profile by storing the particular location. Here, Bwin determines whether to display a gaming environment or a modified gaming environment based on the presence of a stored indication of a last one of the plurality gaming activities accessed by the user during a prior gaming session.

21. On November 12, 2014, a letter was sent to Bwin providing notice of its infringement of numerous patents and is attached as **Exhibit A**. Specifically, at least the following patents were identified as being infringed: U.S. Patent Nos. RE39,818; 6,979,267; 7,534,169; 8,771,058; 8,814,664; and 8,342,924.[1] As noted in the letter, Plaintiffs wanted to reach a

---

[1] The following patents issued after the notice letter was sent and, therefore, were not included in the notice letter: U.S. Patent No. 9,111,417, issued on August 18, 2015; U.S. Patent No. 9,355,518,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

negotiated non-litigation arrangement with Bwin for the identified patents. An agreement was never reached, and Bwin has not ceased infringing Plaintiffs' patents.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### (INFRINGEMENT OF U.S. PATENT NO. RE39,818)

22. Plaintiffs incorporate by reference paragraphs 1-21 as if fully set forth herein.

23. On September 4, 2007, U.S. Patent No. RE39,818 ("the RE'818 patent") was duly and legally issued by the U.S. Patent and Trademark Office ("PTO") for an invention titled "Personalized Wireless Video Game System" to the listed inventor, Russell D. Slifer. A certified copy of the RE'818 patent is attached as **Exhibit B**.

24. CG Tech is the assignee and owner of the RE'818 patent, with all substantive rights in and to that patent, including the sole and exclusive right to bring this action and enforce the RE'818 patent against infringers, and to collect damages for all relevant times.

25. Bwin, directly or through its agents, customers, and/or intermediaries, has made, used, tested, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems that infringe (either directly or under the doctrine of equivalents) one or more claims of the RE'818 patent. For instance, on information and belief, Bwin's accused products and/or systems provide a processor that executes a gaming application for displaying video images on a display screen. A portable control is personalized to a specific user after the user registers an account to interact with the gaming application. Once registration is complete, the portable control stores in its memory identification information including the user's age and game data. The personalized portable control includes control switches for generating game control signals during gameplay. The portable control also includes a wireless transmitter for sending the identification and control signals to the processor. Here, the processor uses the received identification signals to determine whether the user is authorized to play the game based at least in part on the user's age. This is

---

issued on May 31, 2016; and U.S. Patent No. 9,306,952, issued on April 5, 2016.

done in a manner that infringes at least claims 1, 16, 20, 21, 24, and 31 of the RE’818 patent.

26. Bwin’s social casino games contain each limitation of at least one asserted claim of the RE’818 patent. By way of example only:

27. Bwin’s social casino games meet all requirements of claim 21, which include (as shown below) “[a] method of playing an interactive game comprising: transmitting data from a controller using wireless transmissions to a processor executing the interactive game.” (RE’818 patent, col. 7, ll. 32-34.)




. . .

. . .

. . .

. . .

. . .

. . .

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Wells Fargo Tower
Suite 1500, 3800 Howard Hughes Parkway
Las Vegas, NV 89169
Telephone: 702.369.6800

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Wells Fargo Tower
Suite 1500, 3800 Howard Hughes Parkway
Las Vegas, NV 89169
Telephone: 702.369.6800




28. Bwin's social casino games include an "authorizing play of the interactive game based at least in part on the data and an age of the player." (*Id*. at col. 7, ll. 35-36.)




. . .

. . .

. . .

2. LEGALITY OF USE OF THE SERVICES

2.1. You may only use the Services if You are 21 years of age or over and it is legal for You to do so according to the laws of New Jersey. You confirm that You are not accessing Our Services from a state or foreign jurisdiction outside of New Jersey at the time of placing a bet or participating in a game. You understand and accept that We are unable to provide You with any legal advice or assurances and that it is Your sole responsibility to ensure that at all times You comply with the laws that govern You and that You have the complete legal right to use the Services. You acknowledge that underage gambling is illegal, and that it is a criminal offense to allow a person who is under the age of 21 to participate in Internet or mobile wagering. Any use of the Services is at Your sole option, discretion and risk. By using the Services, You acknowledge that You do not find the Services to be offensive, objectionable, unfair, or indecent in any way.

29. Bwin's social casino games include "transmitting game playing signals from the controller to the game processor." (*Id*. at col. 7, ll. 37-38.)




30. Bwin does not have a license or permission to use the RE'818 patent.

31. As a result of Bwin's infringement of the RE'818 patent, CG Tech has suffered and continues to suffer damages, in an amount not yet determined, of at least a reasonable royalty and/or lost profits.

32. In a letter dated November 12, 2014, notice was provided to Bwin of the RE'818 patent and its infringing conduct. The letter is attached as **Exhibit A**.

33. Despite the knowledge of the RE'818 patent, Bwin has continued to infringe this patent. Bwin acted with reckless disregard of the RE'818 patent by continuing to infringe the patent when it knew or should have known that its actions constituted infringement.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Wells Fargo Tower
Suite 1500, 3800 Howard Hughes Parkway
Las Vegas, NV 89169
Telephone: 702.369.6800

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

## SECOND CLAIM FOR RELIEF
## (INFRINGEMENT OF U.S. PATENT NO. 6,899,628)

34. Plaintiffs incorporate by reference paragraphs 1-33 as if fully set forth herein.

35. On May 31, 2005, U.S. Patent No. 6,899,628 ("the '628 patent") was duly and legally issued by the PTO for an invention titled "System and Method for Providing Game Event Management to a User of a Gaming Application" to the listed inventors Fergus A. Leen, Sam B. Lawrence, David G. McNally, Clive Hetherington, David M. McDowell, and Kevin R. O'Neal. A certified copy of the '628 patent is attached as **Exhibit C.**

36. IG Limited is the assignee and sole owner of the '628 patent, with all substantive rights in and to that patent, including the sole and exclusive right to bring this action and enforce the '628 patent against infringers, and to collect damages for all relevant times.

37. Bwin, directly or through its agents, customers, and/or intermediaries, has made, used, tested, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems that infringe (either directly or under the doctrine of equivalents) one or more claims of the '628 patent. For instance, on information and belief, Bwin's accused products and/or systems have certain features that manage game events through a gaming application accessible to remote users. A user downloads and installs software on a computing device to remotely access the gaming application. During execution of the gaming application, a monitor module monitors a plurality of game events and communicates event information through an interface. The interface transmits the event information, which is associated with at least one game event, to an enhanced services platform. This platform provides various different functions and generates statistics and a wager record based on the event information. Here, the wager record is associated with an entry fee and other bets made during gameplay between a plurality of users. This is done in a manner that infringes at least claims 1 and 31 of the '628 patent.

38. Bwin's social casino games contain each limitation of at least claim 31 of the '628 patent. By way of example only:

39. Bwin's social casino games meet all requirements of claim 31, which include (as shown below) "[a] server for managing game events, comprising: a processor that executes a

gaming application that is accessed by a remote user via a network." ('628 patent, col. 23, ll. 62-64.)




40. Bwin's social casino games include "a monitor module coupled to the processor that monitors a plurality of game events during the execution of the gaming application by the user." (*Id*. at col. 23, ll. 65-67.)




41. Bwin's social casino games include "an interface coupled to the processor that



OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Wells Fargo Tower
Suite 1500, 3800 Howard Hughes Parkway
Las Vegas, NV 89169
Telephone: 702.369.6800

communicates event information associated with at least one of the game events to an enhanced services platform remote from the server." (*Id*. at col. 24, ll. 1-4.)




42. Bwin's social casino games include "generat[ing] a wager record associated with a wager between a plurality of users based on at least one of the first event information and the second event information." (*Id*. at col. 24, ll. 4-7.)




43. Bwin does not have a license or permission to use the '628 patent.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Tower
Suite 1500, 3800 Howard Hughes Parkway
Las Vegas, NV 89169
Telephone: 702.369.6800

44. As a result of Bwin's infringement of the '628 patent, IG Limited has suffered and continues to suffer damages, in an amount not yet determined, of at least a reasonable royalty and/or lost profits.

**THIRD CLAIM FOR RELIEF**
**(INFRINGEMENT OF U.S. PATENT NO. 7,534,169)**

45. Plaintiffs incorporate by reference paragraphs 1-44 as if fully set forth herein.

46. On May 19, 2009, U.S. Patent No. 7,534,169 ("the '169 patent") was duly and legally issued by the PTO for an invention titled "System and Method for Wireless Gaming System with User Profiles" to the listed inventors Lee M. Amaitis, Joseph M. Asher, Robert F. Bahrampour, Darrin M. Mylet, Alan B. Wilkins, and Howard W. Lutnick. A certified copy of the '169 patent is attached as **Exhibit D**.

47. IG LLC is the assignee and sole owner of the '169 patent, with all substantive rights in and to that patent, including the sole and exclusive right to bring this action and enforce the '169 patent against infringers, and to collect damages for all relevant times.

48. Bwin, directly or through its agents, customers, and/or intermediaries, has made, used, tested, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems that infringe (either directly or under the doctrine of equivalents) one or more claims of the '169 patent. For instance, on information and belief, Bwin's accused products and/or systems have certain features that modify a gaming environment based on a user's success level in playing a gaming activity. A gaming device enables a user to play a plurality of gaming activities, and a user profile associated with the user is updated to reflect a first success level in playing a first gaming activity during a first gaming session. After termination of the first gaming session and the start of a second, subsequent, gaming session, the user's success level in playing the first gaming activity is determined. Based at least in part on the first success level, a gaming environment is modified and presented to the user through the gaming device. The modification includes a change in how the first gaming activity is presented to the user as a possible gaming activity during the second gaming session. This is done in a manner that infringes at least claim 1 of the '169 patent.

49. Bwin's social casino games contain each limitation of at least claim 1 of the '169 patent. By way of example only:

50. Bwin's social casino games meet all requirements of claim 1, which include (as shown below) "[a]n apparatus comprising: at least one processor; and at least one data storage device electronically coupled to the at least one processor, the at least one data storage device operable to store: a program, and at least one profile associated with a user of a gaming device, the gaming device being operable to make a plurality of gaming activities available to the user for play via the gaming device." ('169 patent, col. 26, ll. 43-52.)


33.7. Settlement of In-Game Disputes

You fully accept and agree that random number generator ('RNG') software will determine the shuffling and dealing of cards and other randomly generated events required in the Gaming Services. If there is a discrepancy between the result showing on the Software (as installed and operated on Your hardware) and Our server, the result showing on Our server shall govern the result. Moreover, You understand and agree that (without prejudice to Your other rights and remedies) Our records shall be the final authority in determining the terms of Your use of the Gaming Services, the activity resulting therefrom and the circumstances in which such activity occurred.







51. Bwin's social casino games include "updat[ing] the user's profile to reflect a first



OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

success level of the user in playing a first of the plurality of gaming activities via the gaming device during a first gaming session." (*Id*. at col. 26, ll. 56-59.)




52. Bwin's social casino games include, "in response to a start of a second gaming session that is subsequent to a termination of the first gaming session: determin[ing] from the user's profile at least the first success level of the user in playing the first gaming activity during the first gaming session." (*Id*. at col. 26, ll. 60-65.)




53. Bwin's social casino games include, "based at least in part on the first success level, modify[ing] a gaming environment, wherein the modification includes a change as to how the first gaming activity is presented to the user as a possible gaming activity that the user may play via the gaming device during the second gaming session." (*Id*. at col. 26, l. 66 to col. 27, l. 4.)

. . .

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800




54. Bwin's social casino games include "present[ing] to the user, via the gaming device, the first gaming activity according to the modified gaming environment." (*Id*. at col. 27, ll. 5-7.)




55. Bwin does not have a license or permission to use the '169 patent.

56. As a result of Bwin's infringement of the '169 patent, IG LLC has suffered and continues to suffer damages, in an amount not yet determined, of at least a reasonable royalty and/or lost profits.

57. In a letter dated November 12, 2014, notice was provided to Bwin of the RE'818

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Tower
Suite 1500, 3800 Howard Hughes Parkway
Las Vegas, NV 89169
Telephone: 702.369.6800

patent and its infringing conduct. The letter is attached as **Exhibit A**.

58. Despite the knowledge of the ’169 patent, Bwin has continued to infringe this patent. Bwin acted with reckless disregard of the ’169 patent by continuing to infringe the patent when it knew or should have known that its actions constituted infringement.

**FOURTH CLAIM FOR RELIEF**
**(INFRINGEMENT OF U.S. PATENT NO. 6,979,267)**

59. Plaintiffs incorporate by reference paragraphs 1-58 as if fully set forth herein.

60. On December 27, 2005, U.S. Patent No. 6,979,267 (“the ’267 patent”) was duly and legally issued by the PTO for an invention titled “System and Method for Generating Profile Information for a User of a Gaming Application” to the listed inventors Fergus A. Leen, Sam B. Lawrence, David G. McNally, Clive Hetherington, David M. McDowell, and Kevin R. O’Neal. A certified copy of the ’267 patent is attached as **Exhibit E**.

61. IG Limited is the assignee and sole owner of the ’267 patent, with all substantive rights in and to that patent, including the sole and exclusive right to bring this action and enforce the ’267 patent against infringers, and to collect damages for all relevant times.

62. Bwin, directly or through its agents, customers, and/or intermediaries, has made, used, tested, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems that infringe (either directly or under the doctrine of equivalents) one or more claims of the ’267 patent. For instance, on information and belief, Bwin’s accused products and/or systems have certain features that generate profile information for users of gaming applications executed on a server. During execution of a first gaming application by a first user, a plurality of game events are monitored. First and second event information associated with a first and second game event is communicated to a processor remote from the server. The processor generates first profile information associated with the first user based at least in part on the first event information, the second event information, and wager records of the first user. The processor stores the first profile information in a memory. During execution of a second gaming application by a second user, a plurality of game events are also monitored. Third and fourth event information associated with a

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

third and fourth game event is communicated to the processor. Here, the third event information is received by the processor substantially simultaneously with the first event information. The processor generates second profile information associated with the second user based at least in part upon the third and fourth event information. This is done in a manner that infringes at least claim 1 of the ’267 patent.

63. Bwin’s social casino games contain each limitation of at least claim 1 of the ’267 patent. By way of example only:

64. Bwin’s social casino games meet all requirements of claim 1, which include (as shown below) “[a] system for generating profile information for users of gaming applications, comprising: a server that: executes a first gaming application; [and] monitors a plurality of game events during the execution of the first gaming application by a first user.” (’267 patent, col. 20, ll. 24-29.)

33.7. Settlement of In-Game Disputes

You fully accept and agree that random number generator ('RNG') software will determine the shuffling and dealing of cards and other randomly generated events required in the Gaming Services. If there is a discrepancy between the result showing on the Software (as installed and operated on Your hardware) and Our server, the result showing on Our server shall govern the result. Moreover, You understand and agree that (without prejudice to Your other rights and remedies) Our records shall be the final authority in determining the terms of Your use of the Gaming Services, the activity resulting therefrom and the circumstances in which such activity occurred.



OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

65. Bwin's social casino games include "a processor remotely coupled to the server that: receives the first event information; receives the second event information; [and] generates first profile information associated with the first user based at least in part upon the first event information, the second event information and wager records of the first user." (*Id.* at col. 20, ll. 34-40.)




66. Bwin's social casino games include "receiv[ing] third event information substantially simultaneously with the first event information, the third event information associated with a third game event, wherein the third game event is associated with the execution by a second user of a second gaming application." (*Id.* at col. 20, ll. 41-46.)

. . .

. . .

. . .

. . .

. . .

. . .

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Wells Fargo Tower
Suite 1500, 3800 Howard Hughes Parkway
Las Vegas, NV 89169
Telephone: 702.369.6800




67. Bwin's social casino games include "receiv[ing] fourth event information associated with a fourth game event, wherein the fourth game event is associated with the execution by the second user of the second gaming application." (*Id.* at col. 20, ll. 47-50.)




68. Bwin's social casino games include "generat[ing] second profile information associated with the second user based at least in part upon the third event information and the fourth event information." (*Id.* at col. 20, ll. 51-53.)

. . .

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Tower
Suite 1500, 3800 Howard Hughes Parkway
Las Vegas, NV 89169
Telephone: 702.369.6800







69. Bwin does not have a license or permission to use the ’267 patent.

70. As a result of Bwin’s infringement of the ’267 patent, IG Limited has suffered and continues to suffer damages, in an amount not yet determined, of at least a reasonable royalty and/or lost profits.

71. In a letter dated November 12, 2014, notice was provided to Bwin of the ’267 patent and its infringing conduct. The letter is attached as **Exhibit A**.

72. Despite the knowledge of the ’267 patent, Bwin has continued to infringe this patent. Bwin acted with reckless disregard of the ’267 patent by continuing to infringe the patent when it knew or should have known that its actions constituted infringement.

**FIFTH CLAIM FOR RELIEF**
**(INFRINGEMENT OF U.S. PATENT NO. 8,342,924)**

73. Plaintiffs incorporate by reference paragraphs 1-72 as if fully set forth herein.

74. On January 1, 2013, U.S. Patent No. 8,342,924 (“the ’924 patent”) was duly and legally issued by the PTO for an invention titled “System and Method for Providing Enhanced Services to a User of a Gaming Application” to the listed inventors Fergus A. Leen, Sam B. Lawrence, David G. McNally, Clive Hetherington, David M. McDowell, and Kevin R. O’Neal. A certified copy of the ’924 patent is attached as **Exhibit F**.

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Tower
Suite 1500, 3800 Howard Hughes Parkway
Las Vegas, NV 89169
Telephone: 702.369.6800

75. IG Limited is the assignee and sole owner of the ’924 patent, with all substantive rights in and to that patent, including the sole and exclusive right to bring this action and enforce the ’924 patent against infringers, and to collect damages for all relevant times.

76. Bwin, directly or through its agents, customers, and/or intermediaries, has made, used, tested, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems that infringe (either directly or under the doctrine of equivalents) one or more claims of the ’924 patent. For instance, on information and belief, Bwin’s accused products and/or systems have certain features that enable a user to play a game and initiate at least one event within a context of playing the game. Information associated with the event is received by an apparatus comprising a processor while the user plays the game. Here, the apparatus generates statistics information associated with the user based at least in part on the information. This statistics information is associated with the user’s playing of the game, and is electronically displayed to another user. This is done in a manner that infringes at least claim 11 of the ’924 patent.

77. Bwin’s social casino games contain each limitation of at least claim 11 of the ’924 patent. By way of example only:

78. Bwin’s social casino games meet all requirements of claim 11, which include (as shown below) “[a]n apparatus comprising: at least one processor; and at least one memory device . . . [that] stores instructions which . . . direct the at least one processor to: receive information associated with at least one event initiated by a user within a context of playing a game, wherein the information is received during the playing of the game by the user.” (’924 patent, col. 21, ll. 4-13.)

. . .

. . .

. . .

. . .

. . .

. . .

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Wells Fargo Tower
Suite 1500, 3800 Howard Hughes Parkway
Las Vegas, NV 89169
Telephone: 702.369.6800




79. Bwin's social casino games include, "based at least in part on the information, generat[ing] statistics information, wherein the statistics information is associated with the user with respect to the playing of the game." (*Id.* at col. 21, ll. 14-17.)




80. Bwin's social casino games include "caus[ing] to be electronically displayed to another user at least the statistics information." (*Id.* at col. 21, ll. 18-19.)

. . .

. . .

. . .

. . .

. . .




81. Bwin does not have a license or permission to use the ’924 patent.

82. As a result of Bwin’s infringement of the ’924 patent, IG Limited has suffered and continues to suffer damages, in an amount not yet determined, of at least a reasonable royalty and/or lost profits.

83. In a letter dated November 12, 2014, notice was provided to Bwin of the ’924 patent and its infringing conduct. The letter is attached as **Exhibit A**.

84. Despite the knowledge of the ’924 patent, Bwin has continued to infringe this patent. Bwin acted with reckless disregard of the ’924 patent by continuing to infringe the patent when it knew or should have known that its actions constituted infringement.

**SIXTH CLAIM FOR RELIEF**
**(INFRINGEMENT OF U.S. PATENT NO. 7,029,394)**

85. Plaintiffs incorporate by reference paragraphs 1-84 as if fully set forth herein.

86. On April 18, 2006, U.S. Patent No. 7,029,394 (“the ’394 patent”) was duly and legally issued by the PTO for an invention titled “System and Method for Generating Statistics for a User of a Gaming Application” to the listed inventors Fergus A. Leen, Sam B. Lawrence, David G. McNally, Clive Hetherington, David M. McDowell, and Kevin R. O’Neal. A certified copy of the ’394 patent is attached as **Exhibit G**.

87. IG Limited is the assignee and sole owner of the ’394 patent, with all substantive

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Tower
Suite 1500, 3800 Howard Hughes Parkway
Las Vegas, NV 89169
Telephone: 702.369.6800

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

rights in and to that patent, including the sole and exclusive right to bring this action and enforce the ’394 patent against infringers, and to collect damages for all relevant times.

88. Bwin, directly or through its agents, customers, and/or intermediaries, has made, used, tested, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems that infringe (either directly or under the doctrine of equivalents) one or more claims of the ’394 patent. Specifically, Bwin’s accused products and/or systems have certain features that enable a user to execute a gaming application hosted on a remote server. During execution of the gaming application, first and second event information associated with first and second game events is received. Statistics information associated with the user and the gaming application is generated based at least in part on the first event information, the second event information, and wager records associated with the gaming application. The statistics information is used to determine an outcome of a wager associated with the gaming application and then stored. This is done in a manner that infringes at least claim 1 of the ’394 patent.

89. Bwin’s social casino games contain each limitation of at least claim 1 of the ’394 patent. By way of example only:

90. Bwin’s social casino games meet all requirements of claim 1, which include (as shown below) “[a] system for generating statistics information, comprising: a server that: executes a gaming application; monitors a plurality of game events during the execution of the gaming application by a user; communicates first event information associated with a first game event; and communicates second event information associated with a second game event.” (’394 patent, col. 20, ll. 46-55.)



OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

33.7. Settlement of In-Game Disputes

You fully accept and agree that random number generator ('RNG') software will determine the shuffling and dealing of cards and other randomly generated events required in the Gaming Services. If there is a discrepancy between the result showing on the Software (as installed and operated on Your hardware) and Our server, the result showing on Our server shall govern the result. Moreover, You understand and agree that (without prejudice to Your other rights and remedies) Our records shall be the final authority in determining the terms of Your use of the Gaming Services, the activity resulting therefrom and the circumstances in which such activity occurred.




91. Bwin's social casino games include "a processor remotely coupled to the server that receives the first event information; receives the second event information; [and] generates statistics information based at least in part upon the first event information, the second event information and wager records associated with the gaming application." (*Id*. at col. 20, ll. 56-62.)



OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

92. Bwin's social casino games include "a processor remotely coupled to the server that receives the first event information; receives the second event information; [and] generates statistics information based at least in part upon the first event information, the second event information and wager records associated with the gaming application." (*Id*. at col. 20, ll. 56-62.)




93. Bwin's social casino games include "determin[ing] an outcome of a wager associated with the gaming application using the statistics information; and a memory coupled to the processor that stores the statistics information." (*Id*. at col. 20, ll. 63-67.)




94. Bwin does not have a license or permission to use the '394 patent.

95. As a result of Bwin's infringement of the '394 patent, IG Limited has suffered and

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

continues to suffer damages, in an amount not yet determined, of at least a reasonable royalty and/or lost profits.

**SEVENTH CLAIM FOR RELIEF**
**(INFRINGEMENT OF U.S. PATENT NO. 9,111,417)**

96. Plaintiffs incorporate by reference paragraphs 1-95 as if fully set forth herein.

97. On August 18, 2015, U.S. Patent No. 9,111,417 ("the '417 patent") was duly and legally issued by the PTO for an invention titled "System and Method for Providing Enhanced Services to a User of a Gaming Application" to the listed inventors Fergus A. Leen, Sam B. Lawrence, David G. McNally, Clive Hetherington, David M. McDowell, and Kevin R. O'Neal. A certified copy of the '417 patent is attached as **Exhibit H**.

98. IG Limited is the assignee and sole owner of the '417 patent, with all substantive rights in and to that patent, including the sole and exclusive right to bring this action and enforce the '417 patent against infringers, and to collect damages for all relevant times.

99. Bwin, directly or through its agents, customers, and/or intermediaries, has made, used, tested, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems that infringe (either directly or under the doctrine of equivalents) one or more claims of the '417 patent. For example, on information and belief, Bwin's accused products and/or systems have certain features that provide a card game to users through their respective computing devices over a communications network. On information and belief, Bwin's accused products and/or systems present users with a graphical user interface that allows users to generate a wager offer, where the offer includes a wager amount. The interface further provides an option to present the wager offer to other users and receive from a plurality of other users an acceptance of the wager offer at the wager amount. In addition, during the playing of the game, Bwin's accused products and/or systems offer certain features that generate statistics for multiple users of the game, including presenting a portion of the statistics information for the users. At the end of the game, an outcome is determined and funds are transferred to at least one user who played (and "won") the game. This is done in a manner that infringes at least claim 1 of the '417 patent.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

100. Bwin's social casino games contain each limitation of at least claim 1 of the '417 patent. By way of example only:

101. Bwin's social casino games meet all requirements of claim 1, which include (as shown below) "[a] system comprising at least one processor and at least one non-volatile memory having software stored thereon that when executed by the at least one processor directs the at least one processor to: provide a game via a communications network to users via respective computing devices of the users, wherein the game is a sports game, an arcade game, a card game, or an adventure game." ('417 patent, col. 20, ll. 20-27.)




102. Bwin's social casino games include, "responsive to a request from one of the users, caus[ing] a graphical user interface to be presented to the user at the user's computing device, wherein the graphical user interface allows the user to offer a wager to other users; [and] responsive to presenting the graphical user interface to the user, receiv[ing] from that user a request to generate a wager offer, wherein the wager offer includes a wager amount." (*Id.* at col. 20, ll. 28-34.)

. . .

. . .

. . .

. . .




103. Bwin's social casino games include, "responsive to receiving the request to generate the wager offer, present[ing] the wager offer to other users via respective computing devices of the other users." (*Id*. at col. 20, ll. 35-37.)




104. Bwin's social casino games include "receiv[ing] from a plurality of the other users an acceptance of the wager offer, each acceptance at the wager amount." (*Id*. at col. 20, ll. 38-39.)






OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Wells Fargo Tower
Suite 1500, 3800 Howard Hughes Parkway
Las Vegas, NV 89169
Telephone: 702.369.6800

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

105. Bwin's social casino games include, "during a playing of the game by a plurality of the users: generat[ing] statistics information related to at least a first and a second of the users playing the game." (*Id*. at col. 20, ll. 40-42.)




106. Bwin's social casino games include, "caus[ing] at least a portion of the statistics information of the first user to be presented to the second user via a respective computing device of the second user; and caus[ing] at least a portion of the statistics information of the second user to be presented via a respective computing device of the first user." (*Id*. at col. 20, ll. 43-48.)




107. Bwin's social casino games include, "at end of the game, determin[ing] an outcome of the wagers resulting from the users that accepted the wager offer, wherein . . . determin[ing] the outcome of the wagers includes . . . transfer[ring] funds to at least one user who played the game." (*Id*. at col. 20, ll. 49-53.)

. . .




108. Bwin does not have a license or permission to use the ’417 patent.

109. As a result of Bwin’s infringement of the ’417 patent, IG Limited has suffered and continues to suffer damages, in an amount not yet determined, of at least a reasonable royalty and/or lost profits.

**EIGHTH CLAIM FOR RELIEF**
**(INFRINGEMENT OF U.S. PATENT NO. 8,771,058)**

110. Plaintiffs incorporate by reference paragraphs 1-109 as if fully set forth herein.

111. On July 8, 2014, U.S. Patent No. 8,771,058 (“the ’058 patent”) was duly and legally issued by the PTO for an invention titled “Zone Dependent Payout Percentage” to the listed inventors Dean P. Alderucci, Lee Amaitis, and Geoffrey M. Gelman. A certified copy of the ’058 patent is attached as **Exhibit I**.

112. IG LLC is the assignee and sole owner of the ’058 patent, with all substantive rights in and to that patent, including the sole and exclusive right to bring this action and enforce the ’058 patent against infringers, and to collect damages for all relevant times.

113. Bwin, directly or through its agents, customers, and/or intermediaries, has made, used, tested, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems that infringe (either directly or under the doctrine of equivalents) one or more claims of the ’058 patent. For example, on information and belief, Bwin’s accused products and/or systems have certain features that provide a computer system to determine a first location of a mobile gaming device and determine a first game configuration associated with the first location. The

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

system generates a first game outcome using the first game configuration, determines a first payout associated with the first game outcome, and credits a player account with a first amount based on the first payout. Additionally, the computer system determines a second location of the mobile gaming device that is different from the first location, and determines a second game configuration associated with the second location that is different from the first game configuration. The system generates a second game outcome using the second game configuration, determines a second payout associated with the second game outcome, and credits the player account with a second amount based on the second payout. This is done in a manner that infringes at least claim 19 of the ’058 patent.

114. Bwin’s social casino games contain each limitation of at least claim 19 of the ’058 patent. By way of example only:

115. Bwin’s social casino games meet all requirements of claim 19, which include (as shown below) “[a] computer system comprising: a processor operable to execute a set of instructions . . . in which the set of instructions, when executed by the processor, cause the computer system to perform a method comprising: determining a first location of a mobile gaming device, [and] determining a first game configuration associated with the first location.” (’058 patent, col. 62, ll. 1-9.)




. . .

. . .

. . .

. . .

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800




116. Bwin's social casino games include "generating a first game outcome using the first game configuration, determining a first payout associated with the first game outcome, [and] crediting a player account with a first amount based on the first payout." (*Id*. at col. 62, ll. 10-15.)




117. Bwin's social casino games include "determining a second location of the mobile gaming device, wherein the second location is different from the first location, [and] determining a second game configuration associated with the second location, wherein the second game configuration is different from the first game configuration." (*Id*. at col. 62, ll. 16-21.)

. . .

. . .




118. Bwin's social casino games include "generating a second game outcome using the second game configuration, determining a second payout associated with the second game outcome, and crediting the player account with a second amount based on the second payout." (*Id.* at col. 62, ll. 22-27.)






OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Tower
Suite 1500, 3800 Howard Hughes Parkway
Las Vegas, NV 89169
Telephone: 702.369.6800

119. Bwin does not have a license or permission to use the ’058 patent.

120. As a result of Bwin’s infringement of the ’058 patent, IG LLC has suffered and continues to suffer damages, in an amount not yet determined, of at least a reasonable royalty and/or lost profits.

121. In a letter dated November 12, 2014, notice was provided to Bwin of the ’058 patent and its infringing conduct. The letter is attached as **Exhibit A**.

122. Despite the knowledge of the ’058 patent, Bwin has continued to infringe this patent. Bwin acted with reckless disregard of the ’058 patent by continuing to infringe the patent when it knew or should have known that its actions constituted infringement.

**NINTH CLAIM FOR RELIEF**
**(INFRINGEMENT OF U.S. PATENT NO. 8,814,664)**

123. Plaintiffs incorporate by reference paragraphs 1-122 as if fully set forth herein.

124. On August 26, 2014, U.S. Patent No. 8,814,664 (“the ’664 patent”) was duly and legally issued by the PTO for an invention titled “Method and Apparatus for Challenge-Based Gaming Using Points and/or Money” to the listed inventors Lee Amaitis, Paul Williams, and Nolan Glantz. A certified copy of the ’664 patent is attached as **Exhibit J**.

125. IG LLC is the assignee and sole owner of the ’664 patent, with all substantive rights in and to that patent, including the sole and exclusive right to bring this action and enforce the ’664 patent against infringers, and to collect damages for all relevant times.

126. Bwin, directly or through its agents, customers, and/or intermediaries, has made, used, tested, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems that infringe (either directly or under the doctrine of equivalents) one or more claims of the ’058 patent. For instance, on information and belief, Bwin’s accused products and/or systems have certain features that determine a mobile device associated with a first player is located in a first location designated as a nonmonetary, points-only wagering area. In response to the determination, points wagering is automatically enabled and monetary wagering is automatically disabled while the mobile device remains in the first location. Here, a challenge by the first player is received from the mobile device, in which the challenge identifies a selected amount of points

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

and a selected second player to receive the challenge. After receiving an acceptance of the challenge from the second player, a wager between the first player and the second player is formed. An outcome to the challenge is determined and points are adjusted in an account of the winning player. On information and belief, Bwin's accused products and/or systems have certain features that further determine the mobile device is located in a second location that is designated as a monetary wagering area. In response to the determination, monetary wagering is automatically enabled and points wagering is automatically disabled from the mobile device while the device remains in the second location. This is done in a manner that infringes at least claim 17 of the '664 patent.

127. Bwin's social casino games contain each limitation of at least claim 17 of the '664 patent. By way of example only:

128. Bwin's social casino games meet all requirements of claim 17, which include (as shown below) "[a]n apparatus comprising: . . . instructions that when executed by a computing device, cause the computing device to: determine that a mobile device associated with a first player is located in a first location that is designated as a non-monetary, points only wagering area." ('664 patent, col. 32, ll. 1-7.)




129. Bwin's social casino games include, "in response to determining that the mobile device is located in the first location, automatically enabl[ing] points wagering and automatically disabling monetary wagering from the mobile device while the mobile device remains in the first location." (*Id*. at col. 32, ll. 8-12.)

. . .

. . .

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800




130. Bwin's social casino games include "receiv[ing], from the mobile device, a challenge by the first player, in which the challenge identifies an amount of points selected by the player and a second player selected by the player against whom to place the challenge." (*Id.* at col. 32, ll. 13-17.)




131. Bwin's social casino games include "identify[ing] the challenge to the second player; receiv[ing] an acceptance of the challenge from the second player . . . [and] form[ing] a wager between the first player and the second player based on the challenge." (*Id.* at col. 32, ll. 18-24.)

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Wells Fargo Tower
Suite 1500, 3800 Howard Hughes Parkway
Las Vegas, NV 89169
Telephone: 702.369.6800




132. Bwin's social casino games include "adjust[ing] points in an account of a winning player of the challenge in response to determining an outcome of the challenge." (*Id*. at col. 32, ll. 25-27.)




133. Bwin's social casino games include "determin[ing] [that the] mobile device is located in a second location that is designated as a monetary wagering area." (*Id*. at col. 32, ll. 28-29.)




134. Bwin's social casino games include, "in response to determining that the mobile

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

device is located in the second location, automatically enabl[ing] monetary wagering and automatically disabl[ing] points wagering from the mobile device while the mobile device remains in the second location; wherein the second location is geographically different from the first location." (*Id*. at col. 32, ll. 30-36.)







135. Bwin does not have a license or permission to use the '664 patent.

136. As a result of Bwin's infringement of the '664 patent, IG LLC has suffered and continues to suffer damages, in an amount not yet determined, of at least a reasonable royalty and/or lost profits.

137. In a letter dated November 12, 2014, notice was provided to Bwin of the '664 patent

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Tower
Suite 1500, 3800 Howard Hughes Parkway
Las Vegas, NV 89169
Telephone: 702.369.6800

and its infringing conduct. The letter is attached as **Exhibit A**.

138. Despite the knowledge of the ’664 patent, Bwin has continued to infringe this patent. Bwin acted with reckless disregard of the ’664 patent by continuing to infringe the patent when it knew or should have known that its actions constituted infringement

**TENTH CLAIM FOR RELIEF**
**(INFRINGEMENT OF U.S. PATENT NO. 9,355,518)**

139. Plaintiffs incorporate by reference paragraphs 1-138 as if fully set forth herein.

140. On May 31, 2016, U.S. Patent No. 9,355,518 (“the ’518 patent”) was duly and legally issued by the PTO for an invention titled “Gaming System with Location Determination” to the listed inventors Lee M. Amaitis, Joseph M. Asher, Robert F. Bahrampour, Darrin M. Mylet, Alan B. Wilkins, and Howard W. Lutnick. A copy of the ’518 patent is attached as **Exhibit K**.

141. IG LLC is the assignee and sole owner of the ’518 patent, with all substantive rights in and to that patent, including the sole and exclusive right to bring this action and enforce the ’518 patent against infringers, and to collect damages for all relevant times.

142. Bwin, directly or through its agents, customers, and/or intermediaries, has made, used, tested, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems that infringe (either directly or under the doctrine of equivalents) one or more claims of the ’518 patent. For instance, on information and belief, Bwin’s accused products and/or systems have certain features that establish a user profile and receive device location data over a communications network from a sensor in the user’s electronic device. A gaming session is initiated based on the determined location. Here, the user’s electronic device presents via a display a gaming environment or a modified gaming environment that indicates to the user a last gaming activity of a plurality of gaming activities accessed during a prior gaming session. This is done in a manner that infringes at least claims 1 and 9 of the ’518 patent.

143. Bwin’s social casino games contain each limitation of at least one asserted claim of the ’518 patent. By way of example only:

144. Bwin’s social casino games meet all requirements of claim 9, which include (as

shown below) "[a]n apparatus for supporting multiple users in electronic gaming, the apparatus comprising: . . . a memory electronically coupled to . . . [a] processor and having software stored thereon that when executed by the . . . processor directs the . . . processor to: establish for a user of the apparatus a user profile on a data storage device, wherein the user accesses the apparatus via an electronic device." ('518 patent, col. 27, l. 66 to col. 28, l. 8.)







145. Bwin's social casino games include "receiv[ing] via a communications network from the electronic device location data of the electronic device, wherein: the electronic device comprises sensor for detecting location, the electronic device obtains the location data from the sensor, and the electronic device communicates the location data via the communications



OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

network." (*Id*. at col. 28, ll. 9-16.)



## partypoker product updates for September 2, 2014

Posted September 2nd, 2014 by Team partypoker & filed under Academy, Cash Games, News, Online Poker, The Rail, Tournaments.

Today's release introduces a range of changes and new features that will make your game sessions more hassle free and enjoyable. We've also made some performance enhancing changes under the hood as well as laid the groundwork for some exciting yet-to-be-announced features.

From better geolocation to better tournament lobbies and improved ticket functionality - here are the release highlights.

### GEOLOCATION

Together with our supplier of geolocation software, we've upgraded our system to be better at location your GPS position while inside New Jersey. This means more reliability when playing on a handheld device.




146. Bwin's social casino games include "recogniz[ing] an occurrence of an event; updat[ing] the user profile in response to the event; wherein [] recogniz[ing] the occurrence of the event comprises [] determin[ing], based on the location data, an existence of the user in a particular location, and wherein [] updat[ing] the user profile in response to the event comprises [] stor[ing] the particular location." (*Id*. at col. 28, ll. 17-23.)

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

partypoker

Sorry, you cannot play.

We are unable to confirm that you are located in the State of New Jersey which is a legal requirement for online wagering. This appears to be a technical problem. Please contact our customer service department so we can help you resolve this problem.

Visit our FAQs to know more.

OK

What is this identity and age verification?

New Jersey regulations make it mandatory to verify an individual's identity before he/she is allowed to deposit or participate in real money games. Validation of age to confirm that a player is above 21 is also compulsory.

What is this location validation?

As per the New Jersey regulations, it is mandatory for you to be located within the state of New Jersey to be able to participate in any of our games.

I have registered for a tournament, but I am not going to be in New Jersey. What can I do?

You will still have the ability to unregister from the tournament, as long as the unregistration is not closed. We suggest that you unregister to save your buy-in and entry fee.

Can I login with my existing partypoker account details?

No you will be required to register for an account again.

How do I create an account?

For all the details please visit our Getting Started page.

Remember, you must be at least 21 years old to be able to open a real money account. If you have trouble installing or starting the program, please contact the Customer Care team.

147. Bwin's social casino games include, "based on determining the existence of the user in the particular location, initiat[ing] a gaming session, wherein [] initiat[ing] the gaming session includes to communicate via the communications network information to the electronic device." (*Id.* at col. 28, ll. 24-28.)

. . .




148. Bwin's social casino games include "caus[ing] the electronic device to present via a display of the electronic device a gaming environment to the user or to present via the display to the user a modified gaming environment that indicates to the user a last gaming activity of a plurality of gaming activities accessed by the user during a prior gaming session, a determination as to whether to display the gaming environment or the modified gaming environment being based on whether there is or is not a stored indication of a last one of the plurality gaming activities accessed by the user during the prior gaming session." (*Id.* at col. 28, ll. 28-39.)




OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Tower
Suite 1500, 3800 Howard Hughes Parkway
Las Vegas, NV 89169
Telephone: 702.369.6800

149. Bwin does not have a license or permission to use the ’518 patent.

150. As a result of Bwin’s infringement of the ’518 patent, IG LLC has suffered and continues to suffer damages, in an amount not yet determined, of at least a reasonable royalty and/or lost profits.

**ELEVENTH CLAIM FOR RELIEF**
**(INFRINGEMENT OF U.S. PATENT NO. 9,306,952)**

151. Plaintiffs incorporate by reference paragraphs 1-150 as if fully set forth herein.

152. On April 5, 2016, U.S. Patent No. 9,306,952 (“the ’952 patent”) was duly and legally issued by the PTO for an invention titled “System and Method for Wireless Gaming with Location Determination” to the listed inventors Kevin Burman and Dean P. Alderucci. A copy of the ’952 patent is attached as **Exhibit L**.

153. IG LLC is the assignee and sole owner of the ’952 patent, with all substantive rights in and to that patent, including the sole and exclusive right to bring this action and enforce the ’952 patent against infringers, and to collect damages for all relevant times.

154. Bwin, directly or through its agents, customers, and/or intermediaries, has made, used, tested, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems that infringe (either directly or under the doctrine of equivalents) one or more claims of the ’952 patent. For instance, on information and belief, Bwin’s accused products and/or systems have certain features that determine a plurality of selectable betting parameters for a wager in a game having at least a first selectable betting parameter and a second selectable betting parameter, each selectable betting parameter comprising a game parameter that affects an outcome of a bet by a first user in the game. The first user plays the game using a corresponding wireless gaming terminal having a wireless network interface operable to transmit and receive gaming information. The wireless gaming terminal communicates with a location determination system that determines a location of the wireless gaming terminal to implement a game depending on the determined location. The system determines a plurality of different locations in a gaming area including at least a first location corresponding to the first betting parameter and a second location

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

corresponding to the second betting parameter. During the game, the system determines a location of a first wireless gaming terminal corresponding to the first user and then determines at least one of the plurality of selectable betting parameters associated with the first user based on the determined location of the first user. Here, the system determines the outcome of the bet based at least in part on the determined at least one betting parameter in accordance with one or more predetermined rules of the game. This is done in a manner that infringes at least claims 1 and 27 of the '952 patent.

155. Bwin's social casino games contain each limitation of at least one asserted claim of the '952 patent. By way of example only:

156. Bwin's social casino games meet all requirements of claim 1, which include (as shown below) "[a]n apparatus comprising: . . . a memory that stores instructions which, when executed by [] at least one processor, direct the at least one processor to: determine a plurality of selectable betting parameters for a wager in a game . . . comprising at least a first selectable betting parameter and a second selectable betting parameter." ('952 patent, col. 34, ll. 51-63.)




. . .

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800




157. Bwin's social casino games include "the game being played by at least one user using a corresponding at least one wireless gaming terminal . . . having a wireless network interface operable to transmit and receive gaming information . . . in which each wireless gaming terminal is in communication with a location determination system that determines a location of the wireless gaming terminal, each wireless gaming terminal further having a user interface for interacting with a corresponding user of the wireless gaming terminal to implement a game, wherein the game depends on the determined location." (*Id*. at col. 34, l. 64 to col. 35, l. 12.)

## partypoker product updates for September 2, 2014

Posted September 2nd, 2014 by Team partypoker & filed under Academy, Cash Games, News, Online Poker, The Rail, Tournaments.

Today's release introduces a range of changes and new features that will make your game sessions more hassle free and enjoyable. We've also made some performance enhancing changes under the hood as well as laid the groundwork for some exciting yet-to-be-announced features.

From better geolocation to better tournament lobbies and improved ticket functionality - here are the release highlights.

### GEOLOCATION

Together with our supplier of geolocation software, we've upgraded our system to be better at location your GPS position while inside New Jersey. This means more reliability when playing on a handheld device.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

What is this identity and age verification?

New Jersey regulations make it mandatory to verify an individual's identity before he/she is allowed to deposit or participate in real money games. Validation of age to confirm that a player is above 21 is also compulsory.

What is this location validation?

As per the New Jersey regulations, it is mandatory for you to be located within the state of New Jersey to be able to participate in any of our games.




158. Bwin's social casino games include "determin[ing] a plurality of different locations in a gaming area, each location corresponding to at least one of the plurality of selectable betting parameters, the plurality of locations comprising at least a first location corresponding to the first betting parameter and a second location corresponding to the second betting parameter, in which the first location is different from the second location." (*Id*. at col. 35, ll. 13-22.)

What is this identity and age verification?

New Jersey regulations make it mandatory to verify an individual's identity before he/she is allowed to deposit or participate in real money games. Validation of age to confirm that a player is above 21 is also compulsory.

What is this location validation?

As per the New Jersey regulations, it is mandatory for you to be located within the state of New Jersey to be able to participate in any of our games.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800







159. Bwin's social casino games include, "during the game, determin[ing] a location of at least one wireless gaming terminal corresponding to each of the at least one user in the game, in which the act of determining the location of the at least one wireless gaming terminal comprises determining a location of the first user by determining a location of a first wireless gaming terminal of the first user." (*Id*. at col. 35, ll. 29-35.)

. . .

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

## partypoker product updates for September 2, 2014

Posted September 2nd, 2014 by Team partypoker & filed under Academy, Cash Games, News, Online Poker, The Rail, Tournaments.

Today's release introduces a range of changes and new features that will make your game sessions more hassle free and enjoyable. We've also made some performance enhancing changes under the hood as well as laid the groundwork for some exciting yet-to-be-announced features.

From better geolocation to better tournament lobbies and improved ticket functionality - here are the release highlights.

### GEOLOCATION

Together with our supplier of geolocation software, we've upgraded our system to be better at location your GPS position while inside New Jersey. This means more reliability when playing on a handheld device.




160. Bwin's social casino games include "determin[ing] at least one of the plurality of selectable betting parameters associated with the at least one user in the game based on the determined location of the at least one user, in which the act of determining at least one of the plurality of selectable betting parameters comprises determining at least one of the plurality of selectable betting parameters associated with the first user based on the determined location of the first user." (*Id*. at col. 35, ll. 36-43.)

. . .

. . .

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800







161. Bwin's social casino games include "determin[ing] the outcome of the bet based at least in part on the determined at least one betting parameter in accordance with one or more predetermined rules of the game." (*Id*. at col. 35, ll. 45-48.)

. . .

. . .

. . .

. . .

. . .




162. Bwin does not have a license or permission to use the ’952 patent.

163. As a result of Bwin’s infringement of the ’952 patent, IG LLC has suffered and continues to suffer damages, in an amount not yet determined, of at least a reasonable royalty and/or lost profits.

## TWELFTH CLAIM FOR RELIEF
## (WILLFUL INFRINGEMENT)

164. Plaintiffs incorporate by reference paragraphs 1-163 as if fully set forth herein.

165. Bwin’s infringement of the RE’818, ’628, ’169, ’267, ’924, ’394, ’417, ’058, ’664, ’518, and ’952 patents has been and continues to be willful. Indeed, Bwin has been aware of at least the RE’818, ’267, ’169, ’058, ’664, and ’924 patents since on or about November 12, 2014. (*See* Ex. A.) Bwin was also made aware of the ’628, ’394, and ’417 patents at least as early as the filing of the original Complaint (ECF No. 1), and the ’518 and ’952 patents at least as early as the filing of this Amended Complaint. Bwin’s continued use of its infringing products constitutes willful and blatant infringement.

166. For the same reasons set forth above in paragraphs 21, 32, 43, 57, 71, 83, 94, 108, 121, 137, 149, and 162, Bwin has had knowledge of the RE’818, ’628, ’169, ’267, ’924, ’394, ’417, ’058, ’664, ’518, and ’952 patents, and that its acts constitute infringement. Bwin has acted

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Tower
Suite 1500, 3800 Howard Hughes Parkway
Las Vegas, NV 89169
Telephone: 702.369.6800

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Tower
Suite 1500, 3800 Howard Hughes Parkway
Las Vegas, NV 89169
Telephone: 702.369.6800

and is continuing to act in the face of an objectively high likelihood that its actions constitute infringement of a valid patent or with reckless disregard of that likelihood.

## JURY DEMAND

167. Plaintiffs request a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs respectfully request that the Court find in their favor and against Defendants, and that the Court grant Plaintiffs the following relief:

1. A declaration that Bwin infringes the Patents-in-Suit under 35 U.S.C. § 271(a) and a final judgment incorporating same;

2. Equitable relief under 35 U.S.C. § 283, including but not limited to an injunction that enjoins Bwin and any of its officers, agents, employees, assigns, representatives, privies, successors, and those acting in concert or participation with them from infringing the Patents-in-Suit;

3. An award of damages sufficient to compensate Plaintiffs for infringement of the Patents-in-Suit by Bwin, together with prejudgment and post judgment interest under 35 U.S.C. § 284;

4. Entry of an order compelling Bwin to compensate Plaintiffs for any ongoing and/or future infringement of the Patents-in-Suit, in an amount and under terms appropriate under the circumstances;

5. That this Court declare this an exceptional case and award Plaintiffs their reasonable attorneys' fees, costs, and expenses in accordance with 35 U.S.C. § 285;

6. A declaration or order finding Bwin's infringement is willful and/or an order increasing damages under 35 U.S.C. § 284; and

. . .

. . .

. . .

. . .

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

7. That Plaintiffs be granted such other and further relief as the Court may deem just and proper under the circumstances.

DATED this 11th day of July, 2016.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

/s/ Molly M. Rezac
Molly M. Rezac
Nevada Bar No. 7435
Erica J. Chee
Nevada Bar No. 12238
Wells Fargo Tower
Suite 1500
3800 Howard Hughes Parkway
Las Vegas, NV 89169

FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP

Robert F. Shaffer (*Admitted Pro Hac Vice*)
James R. Barney (*Admitted Pro Hac Vice*)
Anthony D. Del Monaco (*Admitted Pro Hac Vice*)
901 New York Avenue, NW
Washington, DC 20001-4413

*Attorneys for Plaintiffs CG Technology Development, LLC, Interactive Games Limited, and Interactive Games LLC*

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

## CERTIFICATE OF SERVICE

I hereby certify that I electronically transmitted the foregoing **PLAINTIFFS' FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT** to the Clerk's Office using the CM/ECF system for filing and transmittal of a notice of electronic filing to the following CM/ECF registrants:

**Michael D. Rounds**

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby further certify that service of the foregoing was also made this day by depositing a true and correct copy of same for mailing, first class mail, postage prepaid thereon, at Las Vegas, Nevada, addressed to the following:

Michael D Rounds
Brownstein Hyatt Farber Schreck, LLC
5371 Kietzke Lane
Reno, NV 89511
*Attorneys for Defendant*

DATED this 11th day of July, 2016.

/s/ Carol Rojas
An Employee of OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.